SOPHIE LICHTENSTEIN *et al.* Defendants in Error, *vs.* L. FISH FURNITURE COMPANY, Plaintiff in Error.

*Opinion filed February 16, 1916.*

1. CONSTITUTIONAL LAW—*section 14 of Factory act is constitutional.* Section 14 of the act to provide for the health, safety and comfort of employees in factories, mercantile establishments, mills and workshops in this State and to provide for the enforcement thereof, (Laws of 1909, p. 202,) is constitutional. (*Greene* v. *Fish Furniture Co. ante,* p. 148, followed.)

2. PRACTICE—*what is equivalent to ruling on demurrer to plea of Statute of Limitations.* Where additional counts in a personal injury case are filed some four years after the injury and a plea of the Statute of Limitations is filed, to which a demurrer is interposed, the action of the court in proceeding with the trial to a conclusion after all the original counts were eliminated is equivalent to sustaining the demurrer to the plea of the Statute of Limitations, as the additional counts must have been held by the court not to state a new cause of action.

3. SAME—*what does not affect the question whether additional counts state new cause of action.* If one of the original counts in the declaration contains a defective statement of a cause of action under section 14 of the Factory act, the fact that the allegations referring to such cause of action are made in combination with other averments showing negligence of the defendant does not af-

fect the question whether additional counts based upon said section 14 state a new cause of action.

4. SAME—*what is a gross abuse of privilege of presenting instructions.* Presenting 107 instructions to the court in an action for damages for the death of plaintiff's intestate in a fire in the defendant's factory is a gross abuse of the privilege of tendering instructions to enlighten the jury as to the law and the right of recovery under it.

5. FACTORIES—*mere construction of fire escape does not relieve owner from responsibility.* The mere construction of a fire escape "pursuant to the statute" does not relieve the owner of the building from further responsibility to his employees nor establish the fact that the fire escape is a reasonable and sufficient means of escape, as the statute does not prescribe any method of construction.

6. SAME—*owner of factory must keep means of escape in condition for use.* Under the act for the protection of employees in factories, mercantile establishments, mills and workshops it is the duty of the owner of the building not only to provide a sufficient and reasonable means of escape for employees in case of fire, but to avoid so obstructing the means of escape that it cannot be used when a fire occurs.

7. SAME—*owner must comply with Factory act without waiting for inspector's order.* The owner of a factory, mercantile establishment, mill or workshop is not entitled to delay compliance with the Factory act until he has been ordered by some factory inspector to comply with the act.

8. SAME—*elevator and stairway are not means of escape contemplated by the statute.* Neither a freight elevator nor a stairway in a factory, mercantile establishment, mill or workshop can be regarded as a means of escape in case of fire within the contemplation of the Factory act, as both are means of spreading fire.

9. INSTRUCTIONS—*what is not an approval of instruction by the Supreme Court.* The mere fact that the Supreme Court decides that an instruction in a certain case is not subject to the particular objection or objections made against it does not necessarily amount to a general approval of the instruction, as the Supreme Court does not seek for objections which are not both presented and argued.

10. DAMAGES—*recovery by next of kin of a young girl is not limited to the time she would be eighteen years old.* The right of the next of kin to recover damages resulting from the death of a young girl employed in a factory is not limited to the value of the services of the girl up to the time she would have been eighteen years old but the jury may consider the continuance of her life

and the benefit to be derived therefrom; but in fixing the amount of damages the jury must determine, from the evidence, what the next of kin might reasonably have expected, in a pecuniary way, from the continuance of the life of the deceased.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.

McEWEN, WEISSENBACH & SHRIMSKI, for plaintiff in error.

DAVID K. TONE, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Sophie Lichtenstein and Thomas F. Hunt, administrators of the estate of Ethel Lichtenstein, recovered a judgment in the superior court of Cook county against the L. Fish Furniture Company for damages by the death of said Ethel Lichtenstein, an employee of defendant, charged to have been caused by the failure of the defendant to comply with the provisions of section 14 of the act entitled "An act to provide for the health, safety and comfort of employees in factories, mercantile establishments, mills and workshops in this State, and to provide for the enforcement thereof." (Laws of 1909, p. 202.) A writ of error was sued out of this court to bring the record here for review on the ground that section 14 violates constitutional rights.

The validity of section 14 is questioned by the same assignments of error and arguments as were assigned and argued in the case of *Greene* v. *Fish Furniture Co. (ante,* p. 148,) in which, for reasons satisfactory to the court, the section has been held valid and free from constitutional objection. In that case William S. Greene, who lost his life in the fire which occurred in the building occupied by the plaintiff in error, was a checking clerk employed in the of-

272 – 13

fice of the company on the sixth floor and Ethel Lichtenstein was a stenographer employed in the same office. She was burned to death at the same time and under exactly the same circumstances as Greene and other employees in the office, whose bodies were found together on the floor of the office near the front windows of the building. The facts stated in that case were proved at the trial of this case, and being the same, neither time nor space will be taken to re-state them.

The death of Ethel Lichtenstein occurred on March 25, 1910, and the recovery was had upon two counts filed on May 20, 1914, charging a violation of section 14. To these counts the defendant filed a plea of the Statute of Limitations, and the plaintiffs demurred to the plea. The demurrer was never disposed of and no order of the court concerning it was made, but the twentieth assignment of error is that the court erred in sustaining the demurrer to the plea of the Statute of Limitations. Inconsistently with that assignment counsel state in the points relied upon for reversal that the demurrer having never been disposed of and the plaintiffs having by the demurrer admitted the fact alleged in the plea, it was admitted that the cause of action alleged in the counts was barred by the statute. That conclusion does not follow. The trial had been entered upon and continued to a conclusion. The plea of the Statute of Limitations was to be tried by the court by the record to determine whether the cause of action stated in the additional counts was a new cause of action. If the court found that a new cause of action had been stated that would have ended the case, and if the defendant wanted the benefit of its plea it should have had a judgment on it. The original declaration, consisting of five counts, was not before the jury. The first four were eliminated at the close of the plaintiffs' case by instructions to disregard them, and the fifth was amended and a demurrer sustained to that count, so that the additional counts were the only

ones left in the record. The action of the court in proceeding with the trial and sustaining the cause of action was equivalent to a ruling on the demurrer, and the twentieth assignment of error cannot be sustained for the reason that the additional counts were not subject to the plea. The fifth count, among other averments of fact, alleged that the fire escape on the sixth floor of the building, at the west end of the same, was the only fire escape provided by the defendant in the building and that the defendant negligently obstructed the passageway or approach to the fire escape. These allegations stated duties imposed by section 14, and the most that can be said against the count is that it was a defective statement of a cause of action under the section. The fact that the allegations were made in combination with other averments showing negligence of the defendant does not affect the question whether the additional count stated a cause of action not before stated.

It is contended that the court improperly permitted counsel for plaintiffs to show that the deceased was careful in her movements, and an examination of a witness of the habits of Greene is copied in the argument. There is nothing on the page of the abstract referred to in the argument about any examination concerning the habits of Ethel Lichtenstein or anyone else, and it is apparent that the argument relates to another case,—probably the one above referred to, which seems to have been confused with this one in the statement of the amount of the verdict and otherwise.

It is urged that the attorney for the plaintiffs made an improper argument to the jury on the question whether the approaches to the fire escape were blocked. Proof was made, without objection, as to the number of employees in the office and how many escaped and how many perished and what desperate efforts they made in seeking to escape. After they vainly sought an avenue of escape one of the men jumped out of a window on the north side and alighted on a skylight of an adjoining building two stories below

and escaped while the others lost their lives. These facts tended to support the claim that the aisles were piled with mattresses, furniture and other obstructions preventing access to the fire escape, and the argument was proper.

Errors are assigned and argued respecting the giving of instructions. The ultimate questions of fact submitted to the jury were whether the defendant had failed to comply with the provisions of section 14; if so, whether such failure was the proximate cause of the death of Ethel Lichtenstein; and if those facts were found in favor of the plaintiffs, what was the amount of damage. Counsel presented to the court 107 instructions to enlighten the jury as to the law to be applied to the facts, the plaintiffs offering 58 and the defendant 49. This was a gross abuse of the privilege of tendering instructions to advise the jury as to the law and the right of recovery under it. Seventy-four of these instructions were either not the law or not applicable to the case or repetitions, and after examination by the court they were refused. The court gave the remaining 33, of which the plaintiffs had tendered 13 and the defendant 20. They covered every conceivable aspect of the case, with the addition of all the cautionary instructions proper to be given in any case. There was no proposition of law presented on the part of the defendant to which it was entitled which was refused.

It is urged that instructions 3 and 7 should have been given. No. 3 stated that if the fire escape in the rear of the building was constructed pursuant to the provisions of the statute and was free from obstructions it constituted one reasonable and sufficient means of escape in case of fire; and the seventh, invading the province of the jury, stated that the fire escape was constructed pursuant to the statute and constituted one reasonably sufficient means of escape. The only condition stated in either was that the fire escape was built pursuant to the provisions of the statute, which would be understood to mean in consequence

of the statute, regardless of how it was constructed. The statute prescribes no method of construction, and it does not follow that because a fire escape is constructed pursuant to it that it is reasonable and sufficient as a means of escape.

It is also urged that the court erred in refusing the defendant's offered instruction No. 12, that the jury could not find the defendant guilty for violating a city ordinance. The matter of ordinances had been stricken out in the dismissed counts and the court instructed the jury accordingly. It was not necessary to again inform them that they could not find the defendant guilty for violating ordinances.

Concerning the instructions given at the request of the plaintiffs, it is contended that the court erred in giving instruction No. 46, as follows:

"You are instructed that there was a statute in force in the State of Illinois at the time of the fire in question making it the duty of every person or corporation that employed servants in a factory or a mercantile establishment to exercise reasonable care in furnishing to said servants employed in said factory or mercantile establishment sufficient and reasonable means of escape in case of fire by more than one means of egress, and also to exercise reasonable care in keeping the means of escape furnished to such servants in case of fire free of obstruction."

There is a refinement of argument concerning this instruction which we find it quite difficult to follow. Counsel say that it was cunningly drawn and does not truly state the statute; that by requiring the defendant to "exercise reasonable care in keeping the means of escape furnished to such servants in case of fire free from obstruction" it tells the jury that they can find the defendant guilty for obstructing the means of escape, while the statute, in using the words "such means of escape," means sufficient and reasonable means of escape. Counsel think the instruction permitted the jury to find the defendant guilty for blocking any means of escape, whether the means of escape was

sufficient and reasonable or not. The position seems to be that if the defendant had a fire escape which was a bad one there would be no liability for blocking it. If the fire escape was a bad one the defendant would be liable anyhow, and whether access to it was obstructed or not would be immaterial. The instruction stated nothing but the requirement of the statute, modified for the benefit of the defendant by requiring only reasonable care to comply with the statute, while the statute is in terms mandatory.

It is next urged that the court erred in giving instruction No. 53, as follows:

"If you find a verdict in favor of the plaintiffs, you are not confined, in assessing the damages, to the pecuniary value of the services of Ethel Lichtenstein to her next of kin until she would have arrived at the age of eighteen, but the jury may consider the pecuniary benefit which the next of kin may have derived from said deceased, had she not been killed, at any age of her life."

The argument is that the instruction does not give a correct rule for the measure of damages, and the answer is that the instruction was approved in *Baltimore and Ohio Southwestern Railway Co.* v. *Then,* 159 Ill. 535. The instruction was never subjected to criticism upon the ground now urged against it, and it is not correct to say that it was ever approved as to the question now raised. Instructions are tested in each particular case by various established rules, and if an objection is made in a particular case that one or some of those rules have been violated, a decision against the claim is not an approval of the instruction, since the court does not seek for objections which are not both presented and argued in the case. If an instruction has ever been held not subject to a particular objection urged against it, it is quite common, when some other objection is urged, to say that it has been approved, which frequently is not true. In the case referred to, the objection to the instruction was that it did not confine the jury to a con-

sideration of the evidence before them, and the court, considering that objection, held the instruction not erroneous, because the law does not require that evidence shall afford data from which the extent of pecuniary loss can be ascertained with certainty but the determination of the amount is left to the jury, to be estimated in connection with their knowledge and experience in matters of common observation. The objection now made is that the instruction did not furnish a correct statement of the measure of damages, and if it would be understood in that light it was not correct. The jury, in determining the amount of damage to the next of kin, were to judge from the evidence what such next of kin might have reasonably expected, in a pecuniary way, from the continuance of the life of the deceased, and it would not be correct to say that the amount was to be measured by the pecuniary benefit which they might have derived from the deceased. (*Chicago and Alton Railroad Co.* v. *Kelly,* 182 Ill. 267; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Keenan,* 190 id. 217; *Chicago and Eastern Illinois Railroad Co.* v. *Beaver,* 199 id. 34.) The manifest purpose of the instruction, however, was not to furnish a rule for measuring the damages, but was to advise the jury that they were not confined, in assessing damages, to the value of the services of the deceased until she would have arrived at the age of eighteen years, but might consider the continuance of her life and benefits to be derived therefrom afterward. The jury would certainly so understand it, and viewed in that light the court did not err in giving it.

Instruction No. 6 is lengthy, but the objection to it is that it required the jury to find that the defendant did not exercise reasonable care in furnishing sufficient and reasonable means of escape in case of fire by more than one means of egress, and that the word "sufficient" has no fixed definition in the law but must be given one by some test or rule, or else it becomes too vague to be effective. It is

said that if the means of egress were sufficient in the sense of accomplishing its purpose it would make no difference whether it was reasonable or not. If the defendant thought the court ought to give a definition of the word "sufficient" it should have tendered an instruction according to its theory of what it meant, and it was not objectionable to give the instruction in the language adopted by the General Assembly.

The final objection is that the verdict was against the evidence. There was but one fire escape or means of egress provided for the escape of the employees in case of fire, and there is no shadow of doubt that the defendant was guilty or that its failure to comply with the statute was the proximate cause of the death of Ethel Lichtenstein. Neither the freight elevator, by which one man got away before the flames came up the elevator shaft, nor the stairway, both of which are means of spreading fire, can be regarded as a means of egress contemplated by the statute. On account of the extreme danger from an elevator shaft the passenger elevator was equipped with an automatic device for stopping it and closing the traps, so that it stopped between the fourth and fifth floors.

It is contended that the defendant was not required to comply with the statute until some factory inspector should tell it to do so and fix the time for securing the safety of employees, which is not the law. *Arms* v. *Ayer,* 192 Ill. 601; *Streeter* v. *Western Wheeled Scraper Co.* 254 id. 244.

The jury could not have reached any other conclusion under the facts and the law.

The judgment is affirmed.          *Judgment affirmed.*