CITY OF SOLON ET AL., APPELLEES, *v.*
SOLON BAPTIST TEMPLE, INC.,
APPELLANT.

(No. 44425—Decided December 23, 1982.)

*Mr. Charles T. Riehl* and *Mr. Thomas G. Longo,* for appellees.
*Mr. Charles E. Craze,* for appellant.

PARRINO, J. Solon Baptist Temple, Inc., defendant-appellant, appeals the entry of summary judgment on both a complaint and a counterclaim in favor of the city of Solon, Solon Building Commissioner Arthur D. Korkowski, and Solon Fire Inspector Frank G. Zugan, plaintiffs-appellees.

On September 8, 1978, plaintiffs filed a complaint seeking to have defendant's church building declared a public nuisance because of the alleged existence of building and fire code violations and to have its use as a place of public assembly enjoined.

Defendant answered, asserting as an affirmative defense the failure of plaintiffs to comply with R.C. 3781.031, which sets forth the requirement that a stop order or an adjudication order be issued by any agency before it attempts to enforce, by any civil or criminal remedy, the provisions of R.C. Chapters 3781 or 3791 or any rules or regulations adopted pursuant thereto.

Defendant also counterclaimed, alleging as follows:

"Plaintiffs have systematically, by infliction of extreme duress and harassment upon Defendant church, subjected Defendant church to the deprivation by Plaintiffs, under color of law, and the customs and usages of the State of Ohio, of rights, privileges, and immunities secured to Defendant church by the Constitution and laws of the United States, in particular Defendant church's rights to the freedom of religion and association as guaranteed under the First Amendment to said United States Constitution, Defendant church's rights not to be deprived of liberty without due process of law as guaranteed to Defendant church by the Fourteenth Amendment to said Constitution, Defendant church's rights reserved and retained under the Ninth and Tenth Amendments to said Constitution and Defendant church's right to the equal protection of the laws guaranteed under the Fourteenth Amendment of said Constitution."

Defendant cited Section 1983, Title 42, U.S. Code, in support of its counterclaim.

On June 27, 1979, defendant moved for summary judgment on plaintiffs' complaint, contending that neither a stop order nor an adjudication order had been issued to defendant.

Plaintiffs opposed the motion with a brief supported by reports of an inspection of the church premises undertaken by order of the court on August 10, 1979, indicating the existence of numerous building and fire code violations. Plaintiffs also moved for summary judgment on plaintiffs' complaint and defendant's counterclaim.

On February 13, 1980, defendant moved for leave to file an amended counterclaim to name the Mayor and the members of City Council of the city of Solon as new parties-defendant in the action.

By journal entry of September 11, 1981, the trial court granted summary judgment in favor of plaintiffs on their complaint and on defendant's counterclaim and enjoined defendant from using the church premises as a place of public assembly until such time as the building is brought into compliance with the Ohio Building Code and Fire Prevention Code.[1]

Defendant assigns four errors on appeal. Because they can be more conveniently treated together, we shall consider defendant's first three assignments of error separately from the fourth.

"1. Upon consideration of the evidence in support of and in opposition to the City of Solon's Motion for Summary Judgment, the lower court erred in permanently enjoining Solon Baptist, its officers, agents, employees, successors and assigns, from utilizing its structure located at 7669 SOM Center Road as a place of public assembly until such time as said structure is brought into compliance with the Ohio Building Code and Fire Prevention Code as administered by appellee.

"2. Upon consideration of the evidence in support of and in opposition to the City of Solon's Motion for Summary Judgment, the lower court erred in dismissing Solon Baptist's Counterclaim with prejudice.

"3. In granting the City of Solon's Motion for Summary Judgment, the lower court erred in finding that there is no genuine issue as to any material fact in this case and that appellee is entitled to judgment as a matter of law."

In its arguments in support of these assignments of error, defendant in fact raises only two issues.

Defendant first contends that the trial court erred in granting summary judgment in favor of plaintiffs on their claim because there exists a genuine issue of material fact as to whether a stop order or an adjudication order had been issued to the defendant.

R.C. 3781.031 requires either of such orders to have been issued before an attempt is made to enforce the provisions of R.C. Chapters 3781 or 3791:

"Before any department or agency of the state or any political subdivision attempts to enforce Chapters 3781. and 3791. of the Revised Code or any rules or regulations adopted pursuant thereto, by

---

[1] The judgment entry indicates that the trial court had before it for its consideration in ruling on the motion for summary judgment, *inter alia,* "the depositions of Marion Wojnarowski, Arthur D. Korkowski, and Frank G. Zugan."

However, while complete depositions of Korkowski and Zugan were filed and are a part of the record on appeal, only a partial deposition of Reverend Wojnarowski, attached to defendant's motion for summary judgment, is of record. The docket sheet, while it indicates the filing of the Zugan and Korkowski depositions includes no such entry with respect to the deposition of Reverend Wojnarowski.

We shall therefore assume that the trial court had before it, when ruling on the motion, only the partial rather than the complete deposition of Reverend Wojnarowski.

any remedy, civil or criminal, it shall issue an adjudication order within the meaning of sections 119.06 to 119.13, inclusive, of the Revised Code, or a stop work order as provided herein. * * *''

Plaintiff Korkowski gave testimony by way of deposition that in July 1978 he placed a red tag on the door knob of the front door of the church building. He also stated that a red tag, in his opinion, is the same as a stop work order and that he wrote on the tag that work on the premises should be discontinued until a building permit was obtained. He admitted that the building department has a standard stop work order form but he did not use one on the day he left the red tag because he did not have one available.

Reverend Wojnarowski gave testimony by way of deposition as follows:

"Q. During the period of time somewhere in that neighborhood, those dates, Tuesday, Wednesday or Thursday, did you ever have occasion to find a stop work order placed on the house?

"A. No, sir. We had no indication at all that there was any kind of a stop work order, verbal or written, issued to us. We never found anything, there was nothing on the building. No one ever received anything, nobody saw anything."

He also stated that a "no occupancy" sticker was placed on the church building.

This depositional evidence does suggest the existence of a genuine issue of fact as to whether plaintiffs issued a stop work order to defendant prior to the initiation of court action against the defendant.

However, if the record demonstrates that an adjudication order was issued to the defendant, the question of whether a stop work order was issued is not a "material" factual issue within the meaning of Civ. R. 56(C) because a finding in favor of the defendant on that issue would not preclude a summary judgment in plaintiffs' favor.

R.C. 3791.04 prohibits the owner of a building used as a place of assembly from proceeding with the construction or alteration of such building until plans or drawings for the construction or alteration thereof are submitted for approval to the municipal building department having jurisdiction over the building. Such approval shall not be given unless the building, as altered, would meet the requirements set forth in R.C. Chapters 3781 and 3791 and any rule made pursuant thereto.

It is further provided under R.C. 3791.04 as follows:

"The approval of plans and specifications * * * under this section is a 'license' and the failure to approve such plans or specifications as submitted * * * within thirty days after the plans or specifications are filed, * * * or the disapproval of such plans and specifications, * * * is 'an adjudication order denying the issuance of a license' requiring an 'adjudication hearing' as provided by sections 119.07 to 119.13 of the Revised Code and as modified by sections 3781.031 and 3781.19 of the Revised Code. An adjudication order denying the issuance of a license shall specify the reasons for such denial."

R.C. 3781.031 also sets forth requirements of an adjudication order in the following terms:

"Every adjudication order shall specify what appliances, site preparations, additions, or alterations to structures, plans, materials, assemblages or procedures are necessary for the same to comply with Chapters 3781. and 3791. of the Revised Code."

As these statutes indicate, the disapproval of building plans and specifications constitutes an adjudication order. To be effective, such an order must specify the reasons for the disapproval and indicate what plans and alterations are necessary for the building to be in compliance with R.C. Chapters 3781 and 3791.

The record demonstrates that defendant's building plans, submitted in sup-

port of its application for a building permit, were disapproved by plaintiff Korkowski and that defendant was given a list of building and fire code violations which had to be corrected to bring the church premises into compliance with code provisions.

Defendant, however, contends that it was not afforded an "adjudication hearing" as required by R.C. 3791.04.

R.C. 3781.19 makes clear that the "adjudication hearing" referred to in R.C. 3791.04 is that granted before the board of building appeals to which defendant may appeal the disapproval of its building plans. R.C. 3781.19 pertinently provides:

"The board of building appeals is the agency within the meaning of sections 119.09 to 119.13 of the Revised Code, which shall conduct the adjudication hearing referred to in such sections and required by section 3781.031 of the Revised Code."

Therefore, defendant had a right to appeal the disapproval of its plans, but the initial disapproval was itself an effective "adjudication order" pending appeal.

This conclusion is reinforced by the language of R.C. 119.06:

"No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13, inclusive, of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order *except in those situations where this section provides otherwise.*

"The following adjudication orders shall be effective without a hearing:

"* * *

"(C) *Orders or decisions of an authority within an agency if* the rules of the agency or *the statutes pertaining to such agency specifically give a right of appeal* to a higher authority within such agency or *to another agency and also give the appellant a right to a hearing on such appeal.*" (Emphasis added.)

Since defendant does have a right to

appeal to another agency, *i.e.,* the board of building appeals, and a right to a hearing on such appeal, the adjudication order is effective without a hearing.

The following language of R.C. 3781.031 further supports this conclusion:

"*Before any department or agency of* the state or *any political subdivision attempts to enforce Chapters 3781. and 3791. of the Revised Code or any rules or regulations adopted pursuant thereto,* by any remedy, civil or criminal, *it shall issue an adjudication order* within the meaning of sections 119.06 to 119.13, inclusive, of the Revised Code, or a stop work order as provided herein." (Emphasis added.)

It is implicit in the language of this statutory provision that a municipal building department may itself issue an adjudication order, which would counter the argument that the only adjudication order to which reference is made in R.C. Chapters 3781 and 3791 is that issued by the board of building appeals after a hearing before that body.

To hold that the disapproval of plans by a municipal building commission is not an adjudication order would permit the building permit applicant to control the municipality's ability to initiate court action simply by failing to appeal the disapproval of its plans.

Furthermore, we note that a permit applicant may, if he so chooses, in addition to his right to appeal to the board of building appeals, request a hearing before the municipal building department. This option is provided for under R.C. 119.06:

"Every agency shall afford a hearing upon the request of a person whose application for a license has been rejected and to whom the agency has refused to issue a license, whether it is a renewal or a new license, unless a hearing was held prior to the refusal to issue such license."

We conclude, therefore, that the record demonstrates that an effective, though appealable, adjudication order was issued to the defendant upon disapproval of its building plans and, therefore,

the subsequent initiation of court action under R.C. 3781.15 was proper.

Finally, plaintiffs also base their claim for judicial relief upon R.C. 3737.44. This provision, having become effective on July 1, 1979, subsequent to the initiation of the present suit, is, as defendant contends, inapplicable to this action.[2]

The second issue raised by defendant in support of its first three assignments of error is whether the trial court erred in granting summary judgment to plaintiffs on defendant's counterclaim which was based upon Section 1983, Title 42, U.S. Code:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

As the excerpt from defendant's counterclaim set forth at the beginning of this opinion indicates, defendant alleges, in a conclusory fashion, the violation of a number of constitutional rights.

Assuming, *arguendo*, that defendant, as a corporation, has standing to assert on its own behalf the violation of individual constitutional rights, such as freedom of religion and association and to seek recovery for alleged infliction of physical and mental duress upon the Reverend Wojnarowski, not a party to this action, issues which we specifically do not decide, still we find defendant's contention to be without merit.

The record contains unrebutted documentary evidence of the numerous building and fire code violations on the church premises.

On the other hand, defendant submitted no evidentiary material in support of its counterclaim. There is therefore contained in the record no evidence which would indicate that the code violations do not exist, that the requirements set forth in the code provisions do not bear a substantial relationship to the compelling state interest of protecting the health and safety of those using the church, or that the enforcement of the code provisions was arbitrary or capricious or was such that an inference could be drawn that defendant was being harassed or discriminated against because of its religious affiliation.

The second issue raised by the defendant is therefore devoid of merit.

"4. The lower court erred in failing to rule on Solon Baptist's Motion for Leave to Allow the filing of an Amended Counterclaim."

This assignment of error is not well-taken.

By entering judgment in favor of the plaintiffs and dismissing defendant's counterclaim, the trial court implicitly overruled defendant's motion for leave to file an amended counterclaim. See *Lichtenstein* v. *L. Fish Furniture Co.* (1916), 272 Ill. 191, 111 N.E. 729, 731 (where court proceeds to trial of an action on counts against which demurrer was filed, express overruling of demurrer is unnecessary); *In re Automobile Liability Ins. Rates* (1969), 128 Vt. 73, 258 A.2d 826, 830 (where court proceeded to dispose of merits of case without oral argument, court impliedly overruled

---

[2] We do not address the issue of whether R.C. 3737.44 may be given retroactive effect under the theory that it is remedial in nature since plaintiffs did not make such an argument nor cite authority in support thereof.

motion for oral argument); see, also, *Hayes* v. *Smith* (1900), 62 Ohio St. 161 (where court fails to rule on objection, it will be presumed to have overruled objection).

Furthermore, although defendant does not expressly argue the point, we do not believe that the trial court erred in overruling defendant's motion for leave to amend.

While defendant filed a motion for leave to file an amended counterclaim on February 13, 1980, that motion referred to the proposed amended counterclaim as "Exhibit A." However, no such Exhibit A was found attached to the motion. Defendant did file a document entitled "Defendant Church's Amended Complaint." However, that was filed on October 22, 1979, prior to the filing of the motion and therefore out-of-rule. Moreover, it does not, in its caption, list the proposed additional parties-defendant set forth in defendant's motion.

Given the confusing manner in which defendant raised the issue and the failure of defendant to submit evidence in the summary judgment proceeding in support of its counterclaim as originally drawn, the court cannot be said to have abused its discretion in overruling defendant's motion for leave to amend the counterclaim to name additional parties-defendant and to pray for additional damages.

The judgment is affirmed.

*Judgment affirmed.*

DAY, P.J., and JACKSON, J., concur.