## Cowart v. Lanum
*[Cite as 6 AOA 230]*

Case No. 59147
Cuyahoga County, (8th)
Decided August 23, 1990

*Jaye M. Schlachet, Gross, Goodman & Assoc., 1326 Terminal Tower, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Brent English, 140 Public Square, Park Building, Suite 611, Cleveland, Ohio 44114, for Defendants-Appellees.*

*Per Curiam.*

Defendants-appellants, Darren Lanum and April Lanum, appeal from the judgment of the trial court which granted the plaintiff-appellee's, Lillie Cowart, Civ. R. 60(B) motion for relief from judgment.

On March 29, 1988, the appellee filed a complaint in the Cleveland Municipal Court based upon a motor vehicle accident allegedly caused by the appellants. The appellee sought damages in the amount of one thousand dollars which resulted from the motor vehicle accident.

On May 4, 1988, a trial was scheduled with regard to the appellee's complaint. The appellee, however, failed to appear for the scheduled trial and the referee issued a report and recommendation which suggested that the appellee's cause of action be dismissed for want of prosecution. A copy of the referee's recommendation of dismissal was mailed to the appellee and the appellants. On May 10, 1988, the trial court dismissed the appellee's complaint for want of prosecution based upon the failure of the appellee to appear for trial. Through the operation of Civ. R. 41(B)

(3), the dismissal of the appellee's complaint was with prejudice.

On November 17, 1988, and more than six months after the dismissal of the complaint with prejudice, the appellee filed a motion captioned "Motion for Nunc Pro Tunc Judgment Entry" which sought to amend the trial court's original dismissal to reflect a dismissal without prejudice. A review of the record fails to indicate that the trial court rendered a ruling upon the appellee's motion for a *nunc pro tunc* judgment entry.

On September 2, 1989, and more than fifteen months after the dismissal of the complaint with prejudice, the appellee filed a Civ. R. 60(B) motion for relief from judgment premised upon excusable neglect and the interest of justice. The trial court, on November 20, 1989, granted the appellee's motion to vacate the dismissal of the complaint. In addition, the trial court immediately dismissed the appellee's newly reinstated complaint without prejudice on the basis of the appellee's oral motion for dismissal.

On November 29, 1989, the appellants filed an objection to the referee's report and on December 18, 1989, the trial court overruled the appellants' objections and reaffirmed the granting of the appellee's motion for relief from judgment and the subsequent dismissal of the reinstated complaint without prejudice.

Thereafter, the appellants timely brought the instant appeal.

### I.

The appellants' first assignment of error is that: "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING APPELLEE'S MOTION FOR A NUNC PRO TUNC JOURNAL ENTRY BECAUSE THE COURT HAD NO AUTHORITY TO ACT ON SUCH A MOTION AND BECAUSE THE MOTION WAS NOT PROPERLY SUPPORTED UNDER OHIO R. CIV. PROC. 60(B)."

The appellants, in their first assignment of error, argue that the trial court erred by granting the appellee's "Motion for Nunc Pro Tunc Judgment Entry."

This assignment of error is not well taken.

A review of the record indicates that the trial court did not render a ruling with regard to the appellee's motion for a *nunc pro tunc* journal entry. This court, with regard to the failure of a trial court to rule on a pending motion prior to the entry of a final judgment, has established that it will be presumed that any motions not ruled upon prior to the entry of final judgment are overruled. *Solon v. Solon Baptist Temple.*

*Inc* (1982), 8 Ohio App. 3d 347; *Sawchyn v. Middleburg Heights* (Jan. 19, 1989), Cuyahoga App. No. 54858, unreported.

Herein the trial court did not render a ruling upon the appellee's motion for a *nunc pro tunc* journal entry and therefore the motion was deemed denied upon the granting of the appellee's motion for relief from judgment and the immediate subsequent dismissal of the complaint without prejudice. The effective denial of the appellee's motion for a *nunc pro tunc* journal entry in turn prevents this court from reviewing the appellant's first assignment of error in that no appealable issue exists for review. Cf. *Jacobs, D.P.M. v. Frank, D.P.M.* (Dec. 21, 1989), Cuyahoga App. No. 56317, unreported; *Huntington Woods Bldg. Co. v. Bd. of Education of Bay Village* (July 10, 1986), Cuyahoga App. No. 50823, unreported; *Gomolka v. State Automobile Ins. Co.* (May 14, 1981), Cuyahoga App. No. 43229, unreported.

Therefore, the appellant's first assignment of error is not well taken.

## II.

The appellants' second assignment of error is that:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT WHEN SHE FAILED TO DEMONSTRATE A JUSTIFIABLE REASON FOR NOT APPEARING AT TRIAL AND DID NOT TIMELY FILE HER MOTION FOR RELIEF THEREFROM."

The appellants, in their second assignment of error, argue that the trial court erred in granting the appellee's Civ. R. 60(B) motion for relief from judgment. Specifically, the appellants argue that the appellee did not timely file her motion for relief from judgment and that the appellee failed to demonstrate a viable basis for relief per Civ. R. 60(B)(1)-(5).

This assignment of error is well taken.

In order to prevail upon a Civ. R. 60(B) motion for relief from judgment, it is incumbent upon the moving party to demonstrate that:

(1) the party has a meritorious claim or defense to present should relief be granted;

(2) the party is entitled to relief pursuant to one of the grounds stated in Civ. R. 60(B)(1)-(5); and

(3) the motion for relief was filed within a reasonable period of time.[1] *G.T.E. Automatic Electric Co. v. ARC Industries* (1976), 47 Ohio St. 2d 146."

In the case *sub judice,* the appellee did not meet the second and third prong of the *G.T.E.* test:

(1) entitlement to relief pursuant to one of the grounds of Civ. R. 60(B)(1)-(5); and

(2) timeliness of the motion for relief. Herein, the appellee based her motion for relief from judgment upon the grounds of Civ. R. 60(B)(1), excusable neglect, and Civ. R. 60(B) (5), the interest of justice. The appellee's attempt to use the grounds of excusable neglect vis-a-vis unfamiliarity with the legal system and the catch-all argument of the interest of justice are not well taken. A party who chooses to represent herself in a legal proceeding must comply with the Rules of Civil Procedure and is not subject to a differing legal standard of knowledge. *Kassoff, D.D.S. v. Porous Pipe. Inc.* (Nov. 9, 1989), Cuyahoga App. No. 57371, unreported; *Shneller v. Patlin* (June 11, 1987), Cuyahoga App. No. 52369, unreported. To apply a different standard of legal competence to the appellee would indeed be against the interest of justice.

In addition, the appellee's motion for relief from judgment was not timely filed. As previously indicated, the appellee filed her motion for relief from judgment more than fifteen months after the entry of the trial court's judgment of dismissal with prejudice. The appellee's filing of the motion for relief was clearly untimely in that it was not filed within one year of the dismissal nor was the motion for relief filed within a reasonable period of time. *Mramor v. Mramor* (Apr. 20, 1989), Cuyahoga App. No. 55269, unreported; *Strong v. Kirallack* (Apr. 11, 1985), Cuyahoga App. No. 48904, unreported.

Thus, the appellee failed to meet the burden of *G.T.E. Automatic Electric Co. v. ARC Industries, supra,* and the appellant's second assignment of error is well taken.

Judgment reversed and the original judgment of dismissal with prejudice is reinstated.

This cause is reversed for further proceedings consistent with this opinion.

McMANAMON, P.J., PRYATEL and PARRINO, J.J.

Sitting by Assignment of the Supreme Court of Ohio, Thomas J. Parrino, Retired, Eighth District Court of Appeals and August Pryatel, Retired, Eighth District Court of Appeals.

---

[1] A motion for relief from judgment sought pursuant to Civ.

R.60(B)(l), (2), or (3) must be brought within one year of final judgment in order to be considered timely.