DECISION AND JOURNAL ENTRY
On May 14, 1999, the Lorain County Court of Common Pleas denied the motion by Richard Mollick for correction or modification of the record. He has appealed from the denial of his motion.
Mollick has asserted that the trial court erred when it denied his motion to correct the record of the 1994 proceeding because: (1) the denial of his presentence motion to withdraw his guilty plea was not journalized; and (2) the trial judge did not sign the judgment of conviction. This court overrules both assignments of error, and affirms the judgment of the trial court.
 I
On August 17, 1994, Mollick plead guilty to and was convicted of attempted felonious sexual penetration and attempted rape. He moved for permission to withdraw his guilty plea on December 5, 1994. The motion was heard and explicitly denied as part of his sentencing hearing that same day. The two-page journal entry, signed by the judge and journalized, recites the offenses Mollick was convicted of committing and the sentences imposed for each. It is silent as to the disposition of his motion to withdraw his guilty plea. Mollick did not directly appeal his sentence.[1]
On May 13, 1999, Mollick moved the trial court to correct its December 5, 1994 journal entry of sentencing and conviction, to reflect the denial of his presentence motion to withdraw his guilty plea. In his motion, he also asserted that the trial judge did not sign the 1994 journal entry. Mollick asserted that both corrections were necessary in order to make the 1994 conviction final, and appealable. The trial court summarily denied his motion.
 II Failure to Explicitly Deny Crim.R. 32.2 Motion
As a general rule, a motion that is outstanding at the time judgment is entered is presumed to have been overruled. Solon v.Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347, 351-352. That presumption has been applied to motions pending in criminal cases at the time a judgment of conviction is entered in accordance with Crim.R. 32(C). State v. Jackson (Sept. 26, 1996), Cuyahoga App. No. 69433, unreported. At least one appellate court has explicitly permitted an appeal from the presumed denial of a presentence motion to withdraw a guilty plea, following the journalization of the judgment of conviction. State v. Belcher
(Feb. 13, 1986), Cuyahoga App. No. 50139, unreported. Crim.R. 32.1 does not explicitly require the journalization of the disposition of a motion to withdraw a guilty plea, nor does Crim.R. 32(C) explicitly require that the judgement record the disposition of pending motions.
Here, Mollick filed the motion before he was sentenced. The record reflects that the court considered, and explicitly denied Mollick's Crim.R. 32.1 motion on December 5, 1994, at the time of his sentencing hearing. Even in the absence of a record that revealed explicit disposition of his motion, any outstanding motions would have been presumed to have been denied with the entry of a judgment of conviction. Mollick chose not to appeal his sentence. It was not the trial court's failure to journalize its denial of his motion to withdraw his guilty plea that denied him the opportunity to appeal it; rather it was his own failure to timely appeal from the 1994 judgment of conviction.
Mollick's first assignment of error is overruled.
 Unsigned Judgment of Conviction
Mollick has asserted that the trial court denied him a final judgment from which he could perfect an appeal, because the judge failed to sign the judgment of conviction. In support of his appeal, Mollick submitted a copy of one page of a judgment of conviction, which is unsigned. The record, however, contains the full two-page judgment of conviction, which is signed by the trial judge. Mollick's second assignment of error is overruled.
 III
Mollick's first assignment of error is overruled, because his presentence motion to withdraw his guilty plea was explicitly denied during the hearing on the matter. Whether or not the denial of the motion was separately journalized, the judgment of conviction made it final, and appealable. Because the judge signed the December 5, 1994, judgment of conviction, Mollick's his second assignment of error is overruled. We affirm the trial court's denial of Mollick's motion to correct the record.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., WHITMORE, J., CONCUR
[1] On February 10, 1999, Mollick made a second motion to withdraw his guilty plea. That motion was denied, and he appealed from the 1999 denial of his motion to withdraw his guilty plea, asserting that his plea was not knowing and voluntary. This court construed his postconviction motion to withdraw his guilty plea, on constitutional grounds, as a motion for postconviction relief.State v. Mollick (July 19, 2000), Lorain App. No. 99CA007315, unreported, at 5. Because the motion for postconviction relief was filed after September 23, 1996, it was untimely. Id.
Because Mollick did not establish that he was eligible to file an untimely petition for postconviction relief, we affirmed the judgment of the trial court. Id. at 4. During the pendancy of that appeal he filed a motion to correct the trial record, the denial of which forms the basis of this appeal.