OPINION and JOURNAL ENTRY
{¶ 1} This matter comes before us on a timely application for reconsideration filed by the Appellee, City of Youngstown. Appellant, Allied Erecting Dismantling Co., Inc., has filed a response in opposition. The City asks that we reconsider our decision made on Allied's three assignments of error and the City's second conditional assignment of error which is styled Allied Erecting Dismantling Co., Inc. v.Youngstown, 7th Dist. No. 00 CA 225, 2002-Ohio-5179. Because we conclude our opinion on the merits does not contain any obvious error and we gave full consideration to each of the City's arguments in that opinion, this application for reconsideration is denied.
 {¶ 2} Pursuant to App.R. 26(A), a party may file an application for reconsideration of an appellate court decision. The standard for reviewing such an application is whether the application "`calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been.'" Juhasz v.Costanzo (Feb. 7, 2002), 7th Dist. No. 99-CA-294, quoting Columbus v.Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus.
 {¶ 3} "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." State v. Owens (1996),112 Ohio App.3d 334, 336, 678 N.E.2d 956.
 {¶ 4} On Allied's first and second assignments of error, we reversed the trial court's decision which found the City was engaged in a governmental function when it protected its property by, among other things, threatening Allied with legal action for removing the ballast. We held the City was not acting any differently than any other property owner threatening an alleged trespasser with criminal charges and, therefore, was engaged in a proprietary activity. The City contends we erred in making this determination as it was engaged in a governmental function as defined by R.C. 2744.01(C)(1)(a) and R.C. 2744.01(C)(2)(b) and (w).
 {¶ 5} The City's argument arises out of its characterization of its actions as "protecting" its property. According to the City, only a municipal corporation may protect the property of a municipal corporation. This argument ignores the prohibition set out in Owens as it is simply a restatement of the argument the City raised and we addressed in our opinion on the merits. The City's argument in this application demonstrates it merely disagrees with our opinion wherein we refused to accept the City's characterization of its own actions. We concluded that, when threatening Allied with legal action if it took the ballast and then selling the ballast to a third party, the City was not "protecting" its property in the traditional way a governmental body provides protection to property, i.e. through its policing powers. Instead, we found it was acting as any other property owner who believes someone is trespassing on his or her property. Accordingly, this argument cannot form the basis for an application for reconsideration.
 {¶ 6} We reversed the trial court on Allied's third assignment of error because we concluded the trial court erred in conditionally granting a new trial on damages as the damages awarded by the jury were not against the manifest weight of the evidence. In doing so, we examined whether the jury's award was supported by competent, credible evidence. The City claims our decision was error because we failed to consider whether the trial court adequately explained the basis for its conditional grant of a new trial. It then claims we erred "by engaging in an improper reweighing of the evidence to determine if a new trial was warranted."
 {¶ 7} The City's argument fails because our previous opinion clearly demonstrates we fully understood the basis of the trial court's decision. The trial court conditionally granted a new trial "because the jury award was not supported by the manifest weight of the evidence because it was too speculative." Allied at ¶ 11. Our opinion then addressed whether this finding was proper. Thus, we implicitly found the trial court adequately explained the basis for its decision. Furthermore, there is a difference between weighing evidence to determine a fact and an examination of the record to determine whether a factual determination by the trier of fact is supported by some competent, credible evidence. Moreover, this distinction is extremely important as it usually represents an evidentiary dividing line between a trial court and an appellate court. Here, and contrary to the argument of the City, this court merely and properly examined the record to see if there was any competent and credible evidence to support the damages as determined by the jury acting as the trier of fact. We found that there was such supporting evidence. As a consequence, we had no alternative but to sustain that decision.
 {¶ 8} In its second conditional assignment of error, the City argued this court should have affirmed the trial court's decision granting a new trial on damages because it alleges the trial court improperly instructed the jury on the law of conversion. We found that conditional assignment of error meritless because the argument could not be used as an alternative basis for affirming the trial court's decision. The City claims that decision was error as the improper jury instructions provide an alternative basis for granting a new trial.
 {¶ 9} The City's argument demonstrates the same flaw found in its brief on the merits. It fails to realize the nature of the judgment it is asking this court to affirm on an alternative basis. The trial court granted JNOV and, in the alternative, a new trial on damages. An incorrect jury instruction cannot serve as a basis for affirming the trial court's grant of JNOV. Likewise, an incorrect jury instruction on what actions constitute conversion has no effect on whether a trial court should grant a new trial on the issue of damages under either Civ.R. 59(A)(5) or (9). Thus, the City's argument does not warrant a reconsideration of this issue.
 {¶ 10} Moreover, to preserve the issue, the City should have filed a cross-appeal pursuant to App.R. 3(C). It would have then protected its claim of an improper jury instruction in the event the judgment in its favor was reversed. When that judgment was in fact reversed, the City now asks that we give the issue consideration even though no timely appeal was ever filed. Quite simply, we do not have the jurisdiction to do so since the existence of jurisdiction in a civil matter is directly dependent on the timeliness of the appeal.
 {¶ 11} In its final argument, the City argues we erred by reinstating the jury's verdict rather than remanding this matter so the trial court could dispose of various post-judgment motions. In this case, the City filed two post-judgment motions, one for JNOV and one for a new trial. According to the City, those motions contained several issues and the trial court's judgment entry only specifically addressed some of them. Thus, the City argues, the case should have been remanded to the trial court so it could rule on those motions.
 {¶ 12} The City's argument ignores the plain language used in the trial court's judgment entry disposing of the post-trial motions. After granting the City's motion for JNOV, the trial court correctly concluded the remaining motions, i.e. the motion for a new trial, were moot. Nevertheless, the trial court stated how it would rule on that motion. As noted in the underlying opinion, a trial court may conditionally grant a new trial when granting JNOV. Civ.R. 50(C)(1). This is precisely what the trial court did. The trial court's language expressed its recognition and understanding of Civ.R. 50(C)(1), not its intent to reserve ruling on portions of the motion. Finally, we note that, as a general rule, a motion that is outstanding at the time judgment is entered is presumed to have been overruled. Solon v. Solon Baptist Temple, Inc. (1982),8 Ohio App.3d 347, 351-352, 457 N.E.2d 858. For these reasons, we conclude the City's argument that we should remand this case so the trial court could expressly rule on all the issues within its post-judgment motions is meritless.
 {¶ 13} For all the foregoing reasons, the City's application for reconsideration is denied.
Vukovich, P.J., Donofrio and DeGenaro, JJ., concur.