{¶ 21} For the reasons stated below, I respectfully concur in part and dissent in part.
 {¶ 22} I agree with the majority's general discussion concerning R.C. 3109.04(K)(6) and former R.C. 3113.215(C). I also agree that the trial court's support calculation was "flawed." As the designated residential parent, appellant could not be ordered to pay the child support figure that appears on line 24 of the worksheet.
 {¶ 23} The majority then enters into a speculative discussion concerning appellant's status as residential parent. The majority ultimately remands this case with instructions that the trial court should specify who it intended as the residential parent and, if appellant is the sole residential parent, what is the proper child support obligation owed by appellee. I disagree.
 {¶ 24} There is no reason to speculate on the issue of the designated residential parent in this case. Appellant is the designated residential parent under the trial court's dissolution decree that incorporated the parties' separation agreement and shared parenting plan. The trial court has not changed that ruling and, in fact, did not grant appellee's motions to dissolve the shared parenting plan and to change the residential parent designation. The trial court's failure to grant those motions constitutes the denial of those motions. Rozzi v.Cafaro Co., 11th Dist. No. 2001-T-0090, 2002-Ohio-4817, at ¶ 14 ("when a trial court fails to rule on a motion, the appellate court will presume the trial court overruled the motion") (citation omitted); Solonv. Solon Baptist Temple (1982), 8 Ohio App.3d 347, 351-352.
 {¶ 25} Therefore, on the face of the record before us, appellant is the designated residential parent and, as such, was not obligated to pay support under former R.C. 3113.215(C). Remanding this action to the trial court to reconsider the residential parent designation is unnecessary and improper, especially since appellee did not file a cross-appeal on this issue.
 {¶ 26} The majority is correct, appellant's first assignment has merit. The correct remedy, however, is to remand the case to the trial court to modify its ruling solely in light of appellant's status as the designated residential parent, not to reconsider the designated residential parent issue. Appellant's second assignment of error also has merit. This matter should be remanded solely to address those errors.