[Cite as *Rosett v. Holmes*, 2023-Ohio-606.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WENDY S. ROSETT,                                :

    Plaintiff-Appellee,                      :

                                      No. 111511

    v.                                              :

CORTNI HOLMES, ET AL.,                    :

    Defendant-Appellant.                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Cleveland Heights Municipal Court
Case No. CVG 2100196

---

### *Appearances:*

Wendy S. Rosett, *pro se.*

Cortni Holmes, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} In this accelerated appeal under App.R. 11.1 and Loc.App.R. 11.1., defendant-appellant Cortni Holmes appeals from the final judgment of the Cleveland Heights Municipal Court that granted judgment in favor of plaintiff-appellee Wendy Rosett. The purpose of an accelerated appeal is to allow the

appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E). After a review of the record and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2} In February 2020, Rosett, as landlord, entered into a lease agreement with Holmes and defendant Maurice Johnson (collectively "Holmes"), as tenants, relative to a residence located on South Overlook Road in Cleveland Heights. The lease was for a term of 16 months, beginning on March 1, 2020, and ending on June 30, 2021. The monthly rent was $1,200, plus an additional monthly amount for water, sewer, and other utilities assessed on a per occupant rate based on the monthly usage.

{¶ 3} Beginning in November 2020, Holmes deposited the rent into an escrow account with the municipal court. According to Rosett, beginning in February 2021, Holmes stopped paying rent into the escrow account and did not pay rent to her directly either. Thus, in February 2021, Rosett filed a "two-cause" forcible entry and detainer complaint against Holmes, Johnson, and other defendants.[1] Rosett caused a "three-day notice to leave" the premises to be served on Holmes.

---

[1] The other defendants were Miranda Johnson and Marisa Johnson. They were alleged to have resided at the subject premise.

{¶ 4} In March 2021, the parties filed an agreed judgment entry, under which Holmes agreed to a move-out date. Thus, the trial court dismissed the first cause — the forcible entry and detainer portion — of the case.

{¶ 5} Holmes filed an answer and counterclaim. In the counterclaim, Holmes alleged that the subject house was in deplorable, uninhabitable condition, she requested repairs be made, and Rosett failed to remedy the conditions. Holmes further alleged that she contacted the city of Cleveland Heights about the condition of the house. The city ordered Holmes to pay her rent into the escrow account until the issues were remedied, but the conditions were never remedied. Rosett answered Holmes's counterclaim, denying many of the allegations set forth in the counterclaim.

{¶ 6} Rosett filed a motion for default judgment against the remaining defendants — Maurice, Miranda, and Marisa — for failure to plead and contending that the answer Holmes, a non-lawyer, pro se litigant, filed did not extend to them. A default hearing was held before a magistrate; the remaining defendants failed to appear, and the magistrate issued a decision recommending judgment in favor of Rosett and against Maurice in the amount of $3,162.02 and granting "judgment * * * in favor of Defendants Miranda & Marisa Johnson."

{¶ 7} Holmes filed a notice of service discovery requests, including for admissions, that she propounded on Rosett. Holmes subsequently filed a motion for summary judgment and, in support of her motion, included her affidavit and evidence (i.e., text messages purportedly between her and Rosett). The trial court

set the matter for a hearing, and the record demonstrates that a hearing before a magistrate took place on February 16, 2022. Both Rosett and Holmes were present. The magistrate issued a decision recommending judgment in favor of Rosett and against Holmes in the amount of $3,162.02.

{¶ 8} Holmes filed objections to the magistrate's decision; however, she did not file the transcript of the hearing. In an April 4, 2022 judgment, the trial court overruled Holmes's objections and adopted the magistrate's decision. The court rendered judgment in favor of Rosett and against Holmes and Maurice Johnson, jointly and severally, in the amount of $3,162.02.

**Assignments of Error**

{¶ 9} Holmes presents the following three assignments of error for our review:

I.  The trial court erred in failing to adjudicate at all defendant-appellants' unopposed motion for summary judgment in violation of appellant['s] due process rights to fundamental fairness in [the] administration of justice.

II.  The trial court decision[,] in failing to adjudicate the merits of defendant-appellant['s] counter-claims[,] denied appellant of [her] due process right to a fair review of [her] claim before a neutral arbiter of [the] facts and law.

III.  The trial court [erred in its] monetary award of judgment in favor of the plaintiff without consideration to the defendant-appellant['s] due process rights to a fair proceeding.

**Law and Analysis**

**The Trial Court Denied the Motion for Summary Judgment; the Movant Was Not Automatically Entitled to Summary Judgment Based on the Mere Fact That the Motion Was Unopposed**

{¶ 10} In her first assignment of error, Holmes contends that the trial court erred in not ruling on her unopposed motion for summary judgment.

{¶ 11} It is well-settled that when a motion is not ruled on, it is deemed to be denied. *Newman v. Al Castrucci Ford Sales, Inc.*, 54 Ohio App.3d 166, 169, 561 N.E.2d 1001 (1st Dist.1988), citing *Solon v. Solon Baptist Temple, Inc.*, 8 Ohio App.3d 347, 457 N.E.2d 858 (8th Dist.1982). Thus, because the trial court never ruled on Holmes's motion, it was denied. For the reasons set forth below, we find no error in the trial court's denial of Holmes's motion for summary judgment.

{¶ 12} Summary judgment may issue when, after viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue as to any material fact and reasonable minds could conclude only that judgment must issue as a matter of law. *See* Civ.R. 56(C). The party seeking summary judgment has the initial burden of establishing the absence of any genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If this burden has been met, the nonmoving party must come forward with specific facts in the manner outlined by Civ.R. 56(E).

{¶ 13} That a motion for summary judgment is unopposed does not mean that the moving party is automatically entitled to it being granted. Even when a motion for summary judgment is unopposed, the motion and supporting evidence

must show the absence of any material fact before the court can grant the motion. This is demonstrated by the language of Civ.R. 56(C), which states "[a] summary judgment *shall not be rendered unless* it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." (Emphasis added.) Thus, the Supreme Court of Ohio has held that "even where the nonmoving party fails *completely* to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." (Emphasis sic.) *Morris v. Ohio Cas. Ins. Co.*, 35 Ohio St.3d 45, 47, 517 N.E.2d 904 (1988), citing *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 494 N.E.2d 1101 (1986).

{¶ 14} The trial court did rule on Holmes's motion for summary judgment — it denied it — and Holmes was not entitled to judgment as a matter of law merely because the motion was unopposed.

{¶ 15} In her motion for summary judgment, Holmes contended that Rosett ignored her repeated requests for various repairs and, therefore, breached the terms of rental agreement. Holmes averred in her affidavit that copies of screenshots of text messages between her and Rosett demonstrated that Rosett "refused to correct the problems." The text messages did not support Holmes's contention. For example, in one of the messages, Holmes informed Rosett that a bathroom light was not working. Rosett responded, "I just saw this [message]. I'll call a repair person.

Did the light simply not go on or did the bulb flash and go out?" Thus, despite Rosett not filing a brief in opposition to Holmes's motion for summary judgment, a genuine issue of material fact remained to be litigated. Summary judgment therefore was not proper.

{¶ 16} We acknowledge that Holmes served discovery, including requests for admissions, on Rosett and the record does not indicate that Rosett responded. Under Civ.R. 36(A), the failure of a party to timely respond to requests for admissions with an answer or objection constitutes a conclusive admission of the matter contained in the request, and becomes facts of record the trial court must recognize. *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985). "An admission arising by failure [of the recipient] to respond to a request for admissions * * * is a 'written admission' for purposes of Civ.R. 56(C)." *T & S Lumber Co. v. Alta Constr. Co.*, 19 Ohio App.3d 241, 244, 483 N.E.2d 1216 (8th Dist.1984).

{¶ 17} However, the same admissions that were the subject of Holmes's discovery request were previously denied by Rosett in her answer to Holmes's counterclaim. Given this procedural posturing, there were genuine issues of material fact and the trial court proceeding to a hearing on the motion was not error. *See, e.g., Buoscio v. Ciccolini*, 9th Dist. Summit No. 16350, 1994 Ohio App. LEXIS 1057 (Mar. 9, 1994) (holding that although a summary judgment motion was based on matters admitted because of a party's failure to respond, summary judgment was

improperly granted because other evidence in the record created a genuine issue of material fact.).[2]

{¶ 18} The first assignment of error is overruled.

**The Trial Court Did Consider the Defendant's Counterclaim; Regularity Presumed**

{¶ 19} In her second assignment of error, Holmes contends that she was denied due process because the trial court failed to consider her counterclaim. In her third assignment of error, Holmes contends that the trial court erred by granting judgment in favor of Rosett; Holmes contends she was entitled to judgment on her counterclaim.

{¶ 20} We begin our analysis of these assignments of error by noting that Holmes failed to make the transcript of the hearing part of the record for the trial court's review of the magistrate's decision or for our appellate review.

{¶ 21} Under Civ.R. 53, any "objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "It is well established that if the objecting party fails to file a proper transcript of all relevant testimony with his or her objections, a trial court's review is necessarily limited to the magistrate's conclusions of law." *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, ¶ 17; *see also James v. My Cute*

---

[2] We further note that, although Holmes argues here on appeal that the admissions were deemed admitted, she never argued that in her motion for summary judgment.

*Car, L.L.C.*, 10th Dist. Franklin No. 16AP-603, 2017-Ohio-1291, ¶ 15, quoting *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 16-18 ("'In the absence of both a transcript and an affidavit, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts.'").[3]

{¶ 22} Likewise, the failure to file a transcript or affidavit under Civ.R. 53(D)(3)(b)(iii) waives all factual challenges to the magistrate's decision on appeal. *In re A.L.*, 8th Dist. Cuyahoga No. 99040, 2013-Ohio-5120, ¶ 11; *Scott v. Nameth*, 10th Dist. Franklin No. 16AP-64, 2016-Ohio-5532, ¶ 23; *see also Gill v. Grafton Corr. Inst.*, 10th Dist. Franklin No. 09AP-1019, 2010-Ohio-2977, ¶ 14 ("[W]here a party files objections to a magistrate's decision in the trial court, but does not support those objections with a transcript or affidavit, that party is precluded from arguing on appeal that the trial court erred in its factual determinations.").

{¶ 23} When it is necessary to the disposition of any question on appeal, the appellant bears the burden of providing a transcript. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988). In the absence of a transcript, we must presume regularity in the trial court proceedings. *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617 (1993); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

---

[3] We note that Holmes did not file a request for findings of fact and conclusions of law under Civ.R. 53(D)(3)(a)(ii). Thus, the trial court's review was limited to the magistrate's decision.

{¶ 24} The trial court's final judgment granted "[j]udgment for Plaintiff as to Defendant's Counterclaim."  Therefore, the trial court did consider Holmes's counterclaim.  However, because Holmes failed to file a transcript or affidavit under Civ.R. 53(D)(3)(b)(iii), we presume the regularity of its judgment.  The second and third assignments of error are overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR