**MARVIN LUBICK, ELDRIE LUBICK, ALICE BURHENNE and JOHN BURHENNE, Plaintiffs**

v.

**TRAVEL SERVICES, INC., THE PENINSULAR AND ORIENTAL STEAM NAVIGATION COMPANY d/b/a PRINCESS CRUISES, JOHN A. TETLEY CO., INC., T. M. DONALD TODMAN and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

v.

**UNITED TOURS, INC., Third-Party Defendant**

Civil No. 1981–15

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 30, 1983

JUDITH TURNER, ESQ. (ISHERWOOD, HUNTER & COLIANNI), Christiansted, St. Croix, V.I., *for plaintiffs*

ERIC R. MOORE, ESQ. (Law Office of ERIC MOORE), Christiansted, St. Croix, V.I., *for defendant Travel Services, Inc.*

DOUGLAS BRADY, ESQ. (ALFRED & BRADY), Christiansted, St. Croix, V.I., *for defendant T. M. Donald Todman*

ADRIANE DUDLEY, ESQ. (DUDLEY, DUDLEY & TOPPER), St. Thomas, V.I., *for defendants John A. Tetley Co., Inc. and The Peninsular and Oriental Steam Navigation Co.*

ARNOLD SELKE, ESQ., St. Thomas, V.I., *for third-party defendant United Tours, Inc.*

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for Government of the Virgin Islands*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

This case is before the Court on motion of defendant The Peninsular and Oriental Steam Navigation Company, doing business as "P&O" and as "Princess Cruises" (hereinafter Princess Cruises), for summary judgment. Fed. R. Civ. P. 56. There being no material facts in dispute, the case is ripe for disposition at this time.

## BACKGROUND

In December of 1978, each plaintiff purchased a ticket for a vacation cruise aboard the cruise vessel S.S. PACIFIC PRINCESS, which is owned and operated by defendant Princess Cruises. During the cruise and while aboard ship, the plaintiffs purchased from Princess Cruises a ticket for a shore excursion on the island of Saint Thomas. While aboard a tour bus, which was part of the shore excursion, the plaintiffs suffered injuries when the driver of the bus lost control and wrecked the bus. This occurred on February 9, 1979. On April 3, and on April 20, 1979, an attorney for plaintiffs gave Princess Cruises written notice of the claims of plaintiffs. On

January 23, 1980, that attorney filed suit on behalf of plaintiffs in the Superior Court of California, Los Angeles County, against, among others, Princess Cruises. For jurisdictional reasons plaintiffs then, on January 19, 1981, caused the instant suit to be filed against the same defendant. On August 18, 1981, plaintiffs' California counsel voluntarily dismissed the California suit. Defendant Princess Cruises has now filed this motion for summary judgment arguing, inter alia, that plaintiffs' present suit is barred by the time limitations period set out in the passenger cruise ticket which constituted the contract for passage between plaintiffs and Princess Cruises. Plaintiffs argue in response to this contention that they have complied with the time limitation period and that, even if they have not, the provision is invalid. Hence the Court must determine firstly, whether the provision is valid, and secondly, if it is valid, whether plaintiffs have complied with it.

## DISCUSSION

■■ The cruise ticket contract in question is a maritime contract and therefore its interpretation will be governed by maritime law. The Moses Taylor, 71 U.S. (4 Wall.) 411 (1867). Although paragraph 17 of the cruise ticket contract dictates that the law of England is to be applied in the interpretation of the contract, we will apply the general maritime law of the United States since the plaintiffs are United States citizens seeking redress for injuries which occurred in a territory of the United States, the place of contracting was in the United States, and the point of origin of the cruise was a United States port. There are sufficient contacts with this country to warrant application of its law. DeNicola v. Cunard Line Ltd. 642 F.2d 5, 7 n.2 (1st cir. 1981); McQuillan v. "Italia" Societa Per Azioni di Navigazione, 386 F.Supp. 462 (S.D.N.Y. 1974); Mulvihill v. Furness, Withy & Co., 136 F.Supp. 201, 206 (S.D.N.Y. 1955).

■ That maritime contracts may contain valid time limitation periods is established by statute. 46 U.S.C. § 183b(a) reads, in pertinent part:

> It shall be unlawful for the manager, agent, master, or owner of any sea going vessel . . . transporting passengers . . . from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise for a shorter period for giving notice, or filing claims for loss of life or bodily injury, than 6 months, and for the institution of suits on claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.

311

The cruise ticket contract in question here contains such a time limitation period, at paragraph 16, which reads:

> Neither P&O nor any of its ships shall be under any liability either in Rem or in Personam in respect of any claim whatsoever unless written notice of the claim is presented to P&O within six (6) months from the date on which the claim arose and unless a suit or action is brought within one (1) year from that date.

██ Whether such a provision is valid has depended, under modern case law, on whether "the steamship line ha[s] done all it reasonably [can] to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights." Silvestri v. Italia Societa Per Azione Di Navigazione, 388 F.2d 11 (2d Cir.1968). "Specifically, the courts appear to have deemphasized such traditionally significant factors as the placement of the carrier's signature and the contents of the contract proper and focused instead on the adequacy of notice appearing anywhere in the ticket documents." DeNicola, supra, 642 F.2d at 9. Hence, whether we hold Princess Cruises' time limitation period valid will require an inquiry of the kind contemplated by cases such as Silvestri and DeNicola.

The cruise tickets issued to plaintiffs were comprised of six pages, each measuring four and one quarter inches by nine inches. The first four pages are virtually identical and contain the actual ticket form with information such as passenger's name, cabin number, sailing dates, airline information, etc. inserted under the respective headings for such information. The fifth page contains nineteen "conditions" printed on the front and back. These conditions describe the legal relationship between the passenger and Princess Cruises. The sixth page contains conditions on the front and back regarding the passenger-airline relationship.

Appearing at the bottom of each of the first four pages are two sentences printed in bold, red type. These are the only sentences printed in red on these first four pages. The first sentence reads:

> "YOUR ATTENTION IS DIRECTED TO THE CONDITIONS OF THE CONTRACT BETWEEN YOU AND P&O, AND BETWEEN YOU AND THE AIRLINE, WHICH ARE PRINTED ON THIS TICKET."

In the conditions section on page five there appears on the top, left side of the page, the following sentence, printed in red type (it is the only print in red on the front of page 5):

These are the conditions on which you travel with P&O: Please read them carefully as you will be bound by them.

Paragraph 6, the time limitations clause, is on the back of page five, printed in small blue print (as are the majority of the 19 paragraphs). Condition 19, printed in red, reads:

No passenger will be allowed to embark unless P&O has received payment of his fare in full and unless he accepts these conditions.

■ We are of the opinion that, taken together, the various notices and provisions of this cruise ticket contract provide the passenger with adequate notice of the time limitation period contained therein. The use of the red type on the front of the first four pages clearly should alert the ticket holder to the conditions on page 5 and we believe in these circumstances "the steamship line ha[s] done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights." Silvestri, supra. This ticket form compares favorably with other forms found to be adequate. DeNicola, supra; Lipton v. National Hellenic American Lines, 294 F.Supp. 308 (E.D.N.Y. 1968); compare Silvestri, supra, with McQuillan, supra (ticket format inadequate in Silvestri; same cruise line's revised ticket held adequate in McQuillan).

Since we hold that the time limitation clause in Princess Cruises' ticket is valid, we must determine whether the plaintiffs have complied with it. The plaintiffs suffered the injuries of which they complain on February 9, 1979. This lawsuit was filed on January 19, 1981. Hence, plaintiffs appear to be approximately 11 months late in filing suit. However, plaintiffs argue that the identical suit filed in California was within the time limitations period of the contract and that, because that suit was the same as the instant action, the latter should not be barred. Apparently, plaintiffs are arguing that the filing of the California suit tolled the limitations period, either legally or equitably. Defendant Princess Cruises argues that, unless subject to a "savings" or "renewal" statute, the filing of the California action could not toll the limitations period.

■ We believe the contention of defendant is correct. A voluntary dismissal without prejudice leaves the situation as if the action had never been filed. Humphreys v. United States, 272 F.2d 411 (9th Cir. 1959). A. B. Dick Co. v. Marr, 197 F.2d 498 (2d Cir. 1952), cert. denied 344 U.S. 878 (1952). In the absence of a statute to the

313

contrary, a party cannot deduct from the period of the statute of limitations the time during which the action dismissed was pending, i.e. the statute of limitations is not tolled by bringing an action that is later voluntarily dismissed. Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962) Wright and Miller, Federal Practice and Procedure, Civil, section 2367 and cases cited therein. Therefore, plaintiffs were some eleven months late in filing and the case must be dismissed as to defendant Princess Cruises for failure to comply with the time limitations period contained in the cruise ticket contract.

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant The Peninsular and Oriental Steam Navigation Company for summary judgment be, and the same is hereby, GRANTED. Let judgment enter accordingly.

## ORDER

AND NOW this 1st day of July, 1983

IT IS ORDERED that the motion of defendant The Peninsular and Oriental Steam Navigation Company for summary judgment be, and the same is, hereby GRANTED.