**ROSZAK et al., Appellants,**

v.

**PRINCESS CRUISES, INC., Appellee.**

[Cite as *Roszak v. Princess Cruises, Inc.* (1993), 90 Ohio App.3d 109.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64990.

Decided Aug. 30, 1993.

110

*Pomerantz & Pomerantz Co., L.P.A.,* and *David I. Pomerantz,* for appellants. *Douglas R. Denny,* for appellee.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Plaintiffs-appellants, Elizabeth and Casimer Roszak, timely appeal the decision of the lower court which granted the motion for summary judgment filed by defendant-appellee, Princess Cruises, Inc.

Appellants' amended complaint alleged that Mrs. Roszak, while a passenger on a vessel owned and/or operated by Princess Cruises, was injured, due to the negligence of Princess Cruises and/or its employees, when a fellow passenger fell on top of her. Princess Cruises duly answered and denied any allegations of negligence. As an affirmative defense, Princess Cruises asserted that the "plaintiff did not commence this action within one year as required by the passage contract which plaintiff entered into with defendant."

Princess Cruises moved for summary judgment on the ground that appellants' claim was time-barred by a clause in the passage contract limiting the time in which a passenger may file suit for injury against Princess Cruises to one year after the date of injury. Attached to Princess Cruises' motion is the affidavit of Mary Van Hyning, an employee of Princess Cruises. Van Hyning averred that:

"Plaintiff claims she suffered an injury aboard the Sky Princess on February 7, 1991. The ship was at anchor off the island of St. Maarten at the time of the alleged injury. The Sky Princess was stopped at St. Maarten as an intermediary port during a seven day voyage from and returning to Fort Lauderdale, Florida. The document attached to this affidavit is an example of the ticket of passage issued to the plaintiff by Princess Cruises, Inc. as agent for the carrier. The entire contract of passage is printed on the passage ticket.

"Princess Cruises, Inc. forwards the passage ticket to all passengers prior to the voyage. Upon boarding the ship for the beginning of the voyage the top page or 'embarkation copy' of the ticket is surrendered to the appropriate personnel aboard ship. The remainder of the passage ticket, including all the terms and conditions, is retained by the passengers.

"Paragraph 16 of the passage ticket contains an express provision regarding the proper forum for bringing any law suits relating to the voyage. The passage ticket requires that any such law suit must be commenced within one year of the incident that is the basis for the law suit. The law suit is also required to be brought in a court located in the County of Los Angeles, California, and in no other location."

The sample passage ticket is composed of seven full pages, including three front pages nominally titled, in red ink, "OFFICE COPY," "EMBARKATION COPY," and "PASSENGER COPY." Each of the front pages contains on the bottom left-hand corner the following notice, also in red ink:

"IMPORTANT NOTICE"

"This ticket includes the Passage Contract Terms on the succeeding pages which are binding on you. Please read them carefully."

The title to the passage ticket and the notice are the only provisions on the passage ticket in red ink.

On the last page of the passenger ticket is found the following time limitation for personal injury claims:

"16. TIME LIMITATION; NOTICE BY YOU OF CLAIMS AND SUITS; ONLY PLACE TO SUE.

"In cases involving claims for bodily injury to or death of any Passenger, no lawsuit may be brought against the Carrier, Captain, any of the officers, crew and agents of the ship unless (i) written notice giving full particulars of the claim is delivered to the carrier within six (6) months and a law suit on such claim is commenced within one (1) year from the date of the bodily injury or death and (ii) valid service of the lawsuit is made within 120 days of the suit * * *."

Appellants' brief in opposition to Princess Cruises' motion for summary judgment argued that appellants were not sufficiently placed on notice of the time limitation in the passenger ticket and that the terms of the passenger ticket do not apply to launch boats. Mrs. Roszak's affidavit was attached to her brief in opposition. Mrs. Roszak averred:

"4. My entire ticket was delivered to me by the travel agency in an opaque envelope provided by the agency.

"5. I did not read the contract of passage.

"6. Upon boarding the Sky Princess, we surrendered our tickets to Defendant's ticket-taking personnel. No contract of passage was retained by us, nor were we told to read the contract for passage.

"7. I sustained personal injuries while aboard a launch which was transporting me back to the ship from the island of St. Maarten, when an unsupervised passenger stood up on the moving launch and fell onto me.

"8. In order to board and ride the launch, we were not permitted to present our ticket of passage, but rather, we were required to present a separate, laminated ticket provide[d] in our room after the cruise began. The Gulf War was then being prosecuted, and so security was tight and Defendant's instructions regarding the separate launch ticket were explicit.

"9. This separate launch ticket contained no language regarding time limitations for filing suits for personal injuries, nor any other terms and conditions regarding passage on the launch."

Princess Cruises filed a reply brief with a second affidavit of Mary Van Hyning attached thereto. Van Hyning averred that the launch upon which Mrs. Roszak claimed to have been injured was a launch owned and operated by Princess Cruises for the purpose of taking passengers to and from the ship. Van Hyning further averred that the passenger ticket issued to Mrs. Roszak covers her travel aboard the ship and its launches. Finally, all passengers were given cards for the purposes of identifying them as the ship's passengers, and such passengers were required to use these cards when boarding and debarking from the launches in order to prevent non-crew or non-passengers from gaining unauthorized access to the ship.

Appellants filed a motion to strike appellee's reply brief as being filed without seeking leave of court pursuant to Loc.R. 11 of the Cuyahoga County Court of Common Pleas, General Division. Thereafter, appellee filed a motion for leave to file its reply brief.

■ Without ruling on appellants' motion to strike or appellee's motion for leave, the trial court entered summary judgment in favor of Princess Cruises. The next day, January 7, 1992, the trial court granted appellee's motion for leave and held appellants' motion to strike as moot.[1] Appellants timely appeal, raising the following sole assignment of error for our review:

---

1. Although appellants do not raise the issue of the trial court's failure to rule on their motion to strike appellee's reply brief as an assignment of error, see App.R. 12(A), appellants, in their brief, contended it was inappropriate for the trial court to grant appellee's motion for summary judgment since appellee's reply brief was filed in violation of Loc.R. 11. Loc.R. 11(D) provides:

"The trial court erred in granting summary judgment for defendant-appellee because genuine issues of material fact exist, and defendant-appellee was not entitled to judgment as a matter of law."

In appellants' sole assignment of error, appellants argue the trial court erred in granting appellee's motion for summary judgment. Appellants contend that the time limitation in which to file against Princess Cruises as contained on the passage ticket is not "conspicuous" or "eye-catching" so as to put them on notice of such time limitation. Appellants also argue that the time limitation on the passage ticket does not apply to incidents occurring on a launch boat.

■■■ The validity and enforceability of such time limitation as contained on the instant passage ticket appears to be of first impression for Ohio courts. See, e.g., *Petruzzi v. Casey* (Apr. 26, 1990), Franklin App. No. 89AP–1508, unreported, 1990 WL 54266. However, the passage ticket in question is a maritime contract and, therefore, its interpretation is governed by maritime law. *The Moses Taylor* (1867), 71 U.S. (4 Wall.) 411, 18 L.Ed. 397; *Lubick v. Travel Serv., Inc.* (D.C.V.I.1983), 573 F.Supp. 904, 906. Section 183b(a), Title 46, U.S.Code[2] allows owners, operators, and agents of seagoing vessels to limit their liability for personal injury claims to suits in which notice has been given to the carrier within six months of the injury and where the suits have been commenced within one year. See *Barbachym v. Costa Line, Inc.* (C.A.6, 1983), 713 F.2d 216. However, federal courts decline to enforce a sea carrier's use of a contractual limitation period contained within a passage ticket unless the passage ticket contract sufficiently alerts the passengers to the restriction of their rights. *Spataro v.*

---

"Reply or additional briefs upon motions and submissions may be filed with leave of court only upon a showing of good cause."

It is well settled that motions not ruled on prior to final judgment are deemed overruled upon entering final judgment. *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 8 OBR 458, 457 N.E.2d 858; *Frieden v. Frieden* (June 14, 1990), Cuyahoga App. No. 57032, unreported, 1990 WL 82299. Thus, appellant's motion to strike was implicitly overruled. Additionally, while it could be argued that under *Solon* appellee's motion for leave was also implicitly overruled, the trial court clearly did not intend to overrule it. See journal entry granting appellee's motion for leave. In any event, we conclude the trial court did not abuse its discretion in considering appellee's reply brief. Any error in filing the reply brief without leave of court is therefore harmless. See, e.g., *Stewart v. Academy of Medicine* (Apr. 18, 1985), Cuyahoga App. No. 48932, unreported, 1985 WL 7989.

2. Section 183b(a) provides:

"(a) It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred."

*Kloster Cruise, Ltd.* (C.A.2, 1990), 894 F.2d 44, 45. A "reasonable effort" must have been made to warn passengers of the restriction. *Lousararian v. Royal Caribbean Corp.* (C.A.1, 1991), 951 F.2d 7, 8; *Silvestri v. Italia Societa Per Anzioni Di Navigazione* (C.A.2, 1968), 388 F.2d 11; *DeNicola v. Cunard Line, Ltd.* (C.A.1, 1981), 642 F.2d 5; and *Barbachym, supra.*

The specific inquiry into whether a sea carrier has met the standard of reasonableness is set forth in the following two-pronged test:

"First, a court must examine the facial clarity of the ticket contract and whether its language and appearance make the relevant provisions sufficiently obvious and understandable. The second prong focuses on the 'circumstances of the passenger's possession of and familiarity with the ticket,' which involves scrutiny of 'any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake.'" *Lousararian, supra,* 951 F.2d at 8–9.

The reasonableness of a passage ticket in particular circumstances is a question of law, the determination of which, barring a genuine issue of material fact, is appropriate for resolution at the summary judgment stage. *Id.; DeNicola, Spataro,* and *Barbachym, supra.* A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211; see, also, *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App.2d 78, 81, 60 O.O.2d 171, 172–173, 286 N.E.2d 324, 327. An issue is "genuine" if a rational trier of fact could find for the opponent on the evidence presented. *Anderson, supra.* A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. The nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. The inferences to be drawn from the underlying facts contained in the depositions and affidavits must be construed in favor of the party opposing the motion. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 814, 589 N.E.2d 1365, 1367.

In the present case, we conclude that there is no genuine issue as to any material fact which would preclude summary judgment in favor of Princess Cruises. Initially, appellants attack the sample passage ticket as insufficient because Van Hyning's affidavit does not state that the sample passage ticket is an exact copy of the one given to appellants. Rather, Van Hyning averred that the attached passage ticket "is an example of the ticket of passage issued to the

[appellants] by Princess Cruises, Inc." Further, Van Hyning averred that "Princess Cruises, Inc. forwards the passage ticket to all passengers prior to the voyage." In opposition, Mrs. Roszak does not aver that she did not receive the passage ticket. Instead, Mrs. Roszak avers that her "entire ticket was delivered to me by my travel agency in an opaque envelope provided by the agency." She also admits she did not read the ticket. Appellants' mere assertions that Mrs. Roszak did not read the passage ticket does not raise a material issue of fact, nor does it dispute Van Hyning's affidavit that the sample passage ticket was "an example" of the ticket issued to appellants. See *Lousararian, supra;* and *Kientzler v. Sun Line Greece Special Shipping Co., Inc.* (S.D.N.Y.1991), 779 F.Supp. 342.

Appellants next assert that the passage ticket did not sufficiently place appellants on notice of its terms and conditions. Appellants contend that the notice is not sufficiently "conspicuous" or "eye-catching." See *Silvestri, supra,* 388 F.2d at 18. However, a mere examination of the ticket in question refutes appellants' assertions. The first three pages of the passage ticket, in red ink, provide an "important notice" that the "ticket includes the passage contract terms on the succeeding pages which are binding on you. Please read them carefully." The passage contract notice provision herein is sufficiently similar to those found to be reasonably communicative in *Lousararian, Kientzler, Spataro, DeNicola,* and *Lubick.*

Appellants next argue that the passage contract does not apply to injuries sustained while aboard a launch boat. However, the ticket includes a "launch" boat within its definition of "carrier." Accordingly, appellants' contention lacks merit.

Finally, appellants argue that because Mrs. Roszak's affidavit avers that the passage ticket was delivered inside an opaque ticket jacket and that the passage ticket was surrendered to the ticket collector, a material issue of fact exists regarding actual notice of the contractual terms. However, appellants do not assert that the ticket was never delivered. In fact, Mrs. Roszak admits it was delivered. She further admits that she did not read the passage ticket. "Provisions that appear on the ticket as part of the contract of passage embodied in the ticket are binding regardless of whether they were read by the passenger, provided they are not unlawful in content." *Rogers v. Furness, Withy & Co., Ltd.* (W.D.N.Y.1951), 103 F.Supp. 314, 316. The passenger's possession of and familiarity with the ticket does not depend on actual knowledge of the terms in the contract of passage, but focuses instead on the opportunity for such knowledge. *Lousararian, supra,* 951 F.2d at 11. Under the present circumstances, we conclude appellants had sufficient opportunity to read the passage ticket and gain familiarity with its terms. Appellants admit having received the passage

ticket, but state it was not read by Mrs. Roszak. Appellants offer no evidence tending to show that Mrs. Roszak was not afforded an opportunity to read the passage ticket contract.

We therefore conclude the trial court did not err in granting Princess Cruises' motion for summary judgment and overrule appellants' sole assignment of error.

*Judgment affirmed.*

PATTON, P.J., BLACKMON and NUGENT, JJ., concur.