This is an appeal from a judgment of the Lucas County Court of Common Pleas. On May 12, 1998, the trial court granted appellee's motion for summary judgment, finding that appellant's negligence action was barred by the two year statute of limitations found in R.C. 2305.10. Appellant, Kenneth A. Minnick, appeals that judgment and sets forth the following assignments of error:
 "The trial court erred in its January 21, 1998 Opinion and Judgment Entry by allowing defendant to reargue and submit evidence on its asserted statute of limitations defense without a showing of excusable neglect for failure to comply with the court's June 17, 1997 order imposing a twenty-eight day deadline, and for failure to timely assert such defense as required by the civil rules in response to plaintiff's October 3, 1997 motion for summary judgment."
 "The trial court erred in its May 12, 1998 Opinion and Judgment Entry by allowing defendant to submit on April 17, 198 third motion asserting statute of limitations defense after its pre-trial order of October 1, 1997 setting a November 25, 1997 deadline, without leave or a showing of excusable neglect, and erred in its application of the facts to the law of equitable estoppel."
On March 3, 1994, appellant was injured as the result of an automobile accident allegedly caused by appellee, Pamela S. Lee. On March 12, 1997, appellant commenced the instant negligence action against appellee seeking damages for these injuries. The complaint also set forth a loss of consortium claim for appellant's minor son, Adam Minnick.
Appellee answered the complaint and asserted several affirmative defenses. Among these was the assertion that appellant failed to bring the instant action within the time frame allotted in the applicable statute of limitations, R.C.2305.10.
Appellee then filed a motion to dismiss, pursuant to Civ.R. 12(b)(6), again arguing that appellant filed his claim after the two year statute of limitations provided in R.C. 2305.10
expired. Appellee contended that the claim was, therefore, time-barred.
In his memorandum in opposition to the motion, appellant contended that appellee could not raise the defense of the running of the statute of limitations on the ground of equitable estoppel. The affidavit of appellant's trial counsel, George Rogers, averred that appellee's insurer, State Farm Insurance Company ("State Farm"), had admitted appellee's liability and paid for appellant's property damage. Rogers stated that discovery of appellant's medical costs was ongoing. He further said that appellee told Rogers that her insurance adjuster assured her that appellant's medical bills would be paid. According to the attorney, further discovery was required before appellant could properly respond to appellee's defense.
On June 17, 1997, the court denied appellee's motion to dismiss as to the consortium claim. However, the court, finding that the estoppel issue could not be decided on the pleadings, converted appellee's motion to a motion for summary judgment and granted the parties twenty-eight days from receipt of the court's "Opinion and Judgment Entry" in which to file memoranda and materials in support thereof. Appellee failed to file any additional supplemental materials; therefore, on August 6, 1997, the trial court denied the converted motion for summary judgment.
On October 1, 1997, the court issued pre-trial orders that,inter alia, granted appellee leave to file a motion for summary judgment no later than November 25, 1997. On October 3, 1997, appellant filed a motion for partial summary judgment on the issue of liability, claiming that appellee's answers failed to comply with Civ.R. 8(B) and that the court must therefore find that liability was admitted. Appellee filed a memorandum in opposition and appellant filed a reply.
On November 13, 1997, appellee filed a motion for summary judgment or, in the alternative, a motion for reconsideration of the denial of the motion for summary judgment. The motion was again based on the application of the statute of limitations and asserted that the affidavit offered in opposition to the motion for summary judgment was insufficient to create a question of material fact as to equitable estoppel.
Appellant's memorandum in opposition challenged appellee's motion on the basis of timeliness, the failure to provide any additional materials that supported the proposition that no issue of material fact existed on appellant's estoppel theory and appellant's alleged inability, under the law, to file a second motion for summary judgment or a motion for reconsideration.
On January 21, 1918, the court found that appellee's answers did not comply with Civ.R. 8 (B), deemed the issue of liability admitted and granted appellant's motion for partial summary judgment. The court denied appellee's November 13, 1997 motion for summary judgment, concluding that, in viewing the evidence in a light most favorable to appellant, a question of fact existed on the issue of equitable estoppel.
On March 16, 1998, the court ordered that appellant's counsel, George Rogers, be deposed. Trial on the damages issue was scheduled for June 15, 1998. However, on April 17, 1998, appellee filed a "Renewed Motion for Summary Judgment or, in the Alternative, Motion for Relief and Reconsideration and Memorandum in Support." Appellee contended that the deposition of George Rogers revealed that he never spoke to Pamela Lee until May or June of 1996. Thus, assurances, if any, that appellant's medical claims would be paid were made after the two year statute of limitations expired. Citing the deposition testimony of James Godbey, Rogers' partner, who also represented appellant in her negligence action, appellee argued that continued requests for medical information by State Farm did not constitute a waiver of the right to assert a statute of limitations defense.
In his memorandum in opposition to the motion for summary judgment/motion for summary judgment on the statute of limitations question, appellant maintained that appellee expressed her wish that appellant's medical bills be paid. He attached an unsigned copy of appellee's deposition in support of this argument to the memorandum in opposition/motion for summary judgment. Appellant also asserted that appellee could not file the renewed motion for summary judgment "when no motion for leave to file a second or third motion was made or granted upon a showing of excusable neglect." In addition, appellant maintained that State Farm requested a "settlement package" five days before the statute of limitations expired and that Godbey, relying on the fact that such a package could not be evaluated within five days, reasonably believed that State Farm was going to settle the claim. Attorney Godbey stated that his prior dealings with State Farm led him to believe that the absence of any mention of the statute of limitations indicated that appellee would not raise that defense.
On May 12, 1998, the trial court granted appellee's motion for summary judgment on Kenneth Minnick's claim, finding that it was barred by the two year statute of limitations found in R.C. 2305.10. The court denied appellant's motion for summary judgment, concluding that no question of material fact existed on the issue of equitable estoppel. Subsequently, appellant voluntarily dismissed, without prejudice, Adam Minnick's loss of consortium claim.
In his first assignment of error, appellant contends that appellee waived the statute of limitations defense because "it was required to have been raised in response" to his motion for partial summary judgment on the issue of liability. Appellant fails to offer any authority to support this contention. Instead, he argues that the court erred in entertaining appellee's "untimely" November 13, 1997 motion for summary judgment without requiring proof of excusable neglect. According to appellant, appellee was required to demonstrate excusable neglect for failing to comply with the twenty-eight day response period set forth by the trial court when it converted appellee's motion to dismiss into a motion for summary judgment.
At the outset, we note that appellee never waived her right to raise the affirmative defense of the statute of limitations. In Mills v. Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55, syllabus, the Ohio Supreme Court held a party's failure to raise an affirmative defense either by motion before pleading pursuant to Civ.R. 12(B), or affirmatively in a responsive pleading pursuant to Civ.R. 8(C), or by amendment made under Civ.R. 15, waives the party's right to subsequently raise the defense. See, also, Hoover v. Sumlin (1984), 12 Ohio St.3d 1. Pursuant to Civ.R. 8(C), appellee raised the statute of limitations as a defense in her answer. She again raised the defense in her motion to dismiss and subsequent motions for summary judgment. Thus, the right to raise this defense was not waived.
To repeat, appellant appears to argue that the November 13, 1997 motion for summary judgment somehow relates back to the original motion to dismiss that was converted to a motion for a summary judgment, then denied, by the trial court. Therefore, appellant reasons that appellee was required to demonstrate excusable neglect before the court could consider the November 13, 1997 motion for summary judgment. We disagree.
In the case before us, the first motion for summary judgment was denied. In Glick v. Dolin (1992), 80 Ohio App.3d 592, 594, the court determined that the denial of a motion for summary judgment is an interlocutory order. See, also, Citizens Fed.Bank, F.S.B. v. Brickler (1996), 114 Ohio App.3d 401, 411. TheGlick court held:
 "If the trial court errs in overruling a motion for summary judgment, it is not necessary that the court wait until the judgment is reversed upon appeal, but, instead, the court may correct its error either upon a motion for reconsideration or upon a new motion for summary judgment predicated upon the same law and facts." Id., citing Maxey v. Lenigar (1984), 14 Ohio App.3d 458, 459. See, also, Lorenz v. Administrator, Bureau of Worker's Compensation (Jan. 19, 1994), Tuscawaras App. No. 93-AP-040019, unreported.
In fact, due to the interlocutory nature of a denial of a motion for summary judgment, a trial judge has the authority tosua sponte vacate, revise or modify this prior denial. Petersv. Ashtabula Metro. Hous. Auth. (1993), 89 Ohio App.3d 458,463.
Here, the court granted appellee leave to file their second motion for summary judgment until November 25, 1997. The motion was timely filed and denied by the trial court. Pursuant to the foregoing authority, the court did not commit any procedural error. Further, appellant fails to show how he was prejudiced when the court entertained appellee's November 13 motion for summary judgment. That motion was denied, allowing appellant to proceed with his case. Accordingly, we find appellant's first assignment of error not well-taken.
In his second assignment of error, appellant first argues that appellee's third motion for summary judgment/ reconsideration was untimely, filed without leave of court and failed to demonstrate excusable neglect. For the reasons set forth in the first assignment of error, we conclude that appellant's arguments concerning timeliness and excusable neglect are without merit.
Appellant is correct in stating that the third motion was filed without leave of court. Civ.R. 56(A) provides: "If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Nevertheless, granting a motion for summary judgment filed without leave indicates a trial court's implicit granting of leave.Juergens v. Strang, Klubnik Assoc., Inc. (1994), 96 Ohio App.3d 223,234; Roszak v. Princess Cruises, Inc. (1993),90 Ohio App.3d 109, n. 1; Smith v. Cincinnati Gas Elec. Co.
(1991), 75 Ohio App.3d 567, 572; Poskocil v. The ClevelandInstitute of Music (Apr. 24, 1997), Cuyahoga App.No 71425, unreported. Based on the foregoing, we find appellant's arguments regarding leave of court are meritless.
Appellant next contends the trial court erred because a question of fact exists as to whether equitable estoppel bars the application of statute of limitations to this case.
Summary judgment under Civ.R. 56 is deemed appropriate when the movant demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
The party moving for summary judgment under Civ.R. 56 bears the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id.
In the instant case, appellant argued that specific facts were offered creating a question of fact as to whether appellee was precluded from asserting a statute of limitations defense by the doctrine of equitable estoppel.
The Eighth District Court of Appeals defines equitable estoppel and delineates its elements as follows:
 " 'Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct.' State ex rel. Cities Service v. Orteca
(1980), 63 Ohio St.2d 295, 299, 409 N.E.2d 1018. 'The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice.' Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630.
 "To show a prima facie case for application of equitable estoppel, a plaintiff must show (1) the defendant made a factual misrepresentation, (2) that is misleading, (3) that induces actual reliance which is reasonable and in good faith, and (4) which causes detriment to the relying party. See Doe v. Blue Cross/Blue Shield of Ohio
(1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492; First Fed. S. L. Assn. v. Perry's Landing, Inc.
(1983), 11 Ohio App.3d 135, 145, 463 N.E.2d 636." Walworth v. BP Oil Co. (1996), 112 Ohio App.3d 340, 345.
On appeal, appellant alleges that the following facts create a question of fact on the issue of equitable estoppel. Appellant claims his attorney was misled into believing that appellee would not assert the defense of the statute of limitations because: (1) appellee's insurer paid appellant's property damage claim; (2) attorney Godbey testified that the insurance adjuster requested a "settlement package" five days before the limitations period expired; and (3) it is "common knowledge" that State Farm does not review a settlement package in less than seven days.
An insurer's repeated requests for medical documents, the payment of a property damage claim, engaging in settlement negotiations or even a promise to pay medical expenses if agreement can be reached are not evidence of the fact that a defendant misrepresented his or her position thereby allowing a plaintiff to, in reasonable reliance on those misrepresentations, untimely commence his or her lawsuit against the defendant. Payton v. Rehberg (1997), 119 Ohio App.3d 183,188-189. See, also, Markese v. Ellis (1967),11 Ohio App.2d 160; Tabler v. Miller (Dec. 4, 1990), Gallia App. No. 89-CA-27, unreported.
A review of attorney Godbey's testimony reveals that the request made by State Farm approximately five days before the expiration of the two year statute of limitations was a request for medical information. The term "settlement" is not mentioned. Of greater importance is the fact that Godbey admitted that the statute of limitations was never mentioned by either himself or the insurance adjuster. In sum, even in considering the evidence offered in support of and in opposition to appellee's motion for summary judgment in a light most favorable to appellant, reasonable minds could only conclude that no evidence of a factual misrepresentation as to appellee's intent to waive the statute of limitations defense was offered by appellant. It is undisputed that appellant failed to commence his negligence action against appellee more than one year after the two year statute of limitations expired. Therefore, the trial court did not err in granting summary judgment to appellee as a matter of law. Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Judge Charles D. Abood, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
Melvin L. Resnick, J. ---------------------------- JUDGE
James R. Sherck, J. ----------------------------- JUDGE
Charles D. Abood, J. CONCUR. ----------------------------- JUDGE