**Lionel PRATT, Appellant,**

v.

**BUREAU OF CORRECTIONS GOVERNMENT OF the VIRGIN ISLANDS, Appellee.**

**Civ.A. No. 1999–146.**

District Court, Virgin Islands,
D. St. Thomas,
Appellate Division.

Considered: August 17, 2001.

Filed: Jan. 11, 2002.

Kenth W. Rogers, St. Thomas, VI, for appellant.

Robert W. Bornholt, Assistant Attorney General, Department of Justice, St. Thomas, VI, for appellee.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, District Judge, District Court of the Virgin Islands; and DARRYL DEAN DONOHUE, Judge of the Territorial Court, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

Pending before the Court is the appeal filed by Lionel Pratt ["Pratt" or "appellant"] asking for review of the May 10, 1999, order of the Territorial Court that dismissed the underlying proceedings. For the reasons set forth below, the Court finds that it lacks jurisdiction to consider this appeal and will dismiss this matter accordingly.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following factual summary is taken from the Territorial Court's memorandum opinion of December 1, 1997, and the findings of fact rendered by the Public Employees Relations Board in its January 13, 1998, decision. (*See* App. at 113–16; *id.* at 120–29.) Pratt started working for the Bureau of Corrections in 1978. In December, 1991, Pratt was employed as a Supervisory Corrections Officer[1] when he was assigned to serve as the Acting Assistant Warden of the Criminal Justice Complex in St. Thomas. Pratt held this position until April 16, 1993, when, according to Pratt, the director of the Bureau of Corrections requested that Pratt take leave with pay and stay home until he was called to return to work. For the next eight months, Pratt remained at home, attempting to return to work twice during that time only to be told that he was not yet needed. On January 31, 1994, the new Acting Assistant Warden of the St. Thomas Criminal Justice Complex advised Pratt that she was not aware he would be returning to the Acting Assistant Warden position. The same day, Pratt filed an appeal with the Government Employees Services Commission ["GESC"][2] of what he termed his "constructive suspension" from the position of Acting Assistant Warden.

Despite repeated scheduling attempts, the GESC never held a hearing on Pratt's appeal. In 1991, the GESC was replaced with the Public Employees Relations Board ["PERB"] and Pratt's case was formally transferred to the PERB. From January, 1995, through October, 1997, the PERB repeatedly issued orders referring the matter to mediation but the matter was never mediated.

Meanwhile, in November, 1994, Pratt filed two actions in the Territorial Court, one requesting injunctive relief from termination or demotion by the Bureau of Corrections and the second a petition for a writ of review against the PERB. (*See* Civ. Nos. 872/1994 and 873/1994 (Terr.Ct. St. Thomas/St. John Div. filed Nov. 3, 1994).) The Territorial Court subsequently consolidated these matters. In June, 1995, Pratt requested an immediate hearing before the Territorial Court or, alternatively, that it dismiss his petition for a writ of review so that he could file an appeal. (App. at 102.) The Territorial Court scheduled and held several hearings and directed Pratt to provide the court with information concerning the action pending before the PERB. In November, 1997, Pratt filed a petition for writ of mandamus in this Court, requesting that the Court order the trial judge to rule on Pratt's pending actions for injunctive relief and his request for a writ of review. Before this Court could act on

---

1. Pratt's exact job title at this time is unclear from the record. The January, 1998, decision of the Public Employees Relations Board refers to his position in December, 1991, as Senior Corrections Officer. (*See* App. at 125.)

2. In 1994, the GESC was renamed the Public Employees Relations Board. *See* 3 V.I.C. § 530, History Annotations (citing Act of Sept. 2, 1994, No. 6010, § 2, Sess.L. 1994, at 165).

Pratt's petition,[3] the Territorial Court issued an opinion on December 1, 1997. Finding that Pratt's petition for writ of review should be construed as a petition for writ of mandamus, the trial judge issued a mandate directing the PERB to render a final decision on the merits of Pratt's appeal, pending since January, 1994. The trial judge gave the PERB forty-five days after receipt of the mandate to render its decision.

The PERB immediately set the matter for hearing on December 29 and 30, 1997, and advised Pratt's counsel accordingly. The PERB also had continued its efforts to have the parties mediate the dispute. On December 11, 1997, the PERB received notification from the PERB-appointed mediator that, although the government's representatives had appeared for the most recently scheduled mediation on December 9, 1997, Pratt and his lawyer had refused to participate. The PERB ordered Pratt to show cause at the December 29th hearing why he should not be held in contempt for failure to comply with its order referring the matter to mediation.

On December 24, 1997, Pratt advised the PERB via facsimile that he would not be "presenting any testimony or submitting any exhibits" at the December 29th hearing. Pratt told the board to use the "statements, testimony, exhibits and legal memoranda presented in the Territorial Court." Pratt also asserted that the board lacked jurisdiction to consider the matter. (*See* App. at 124 (Decision and Order, PERB–GSA–94–03, at 5) (Pub. Employees Rel.Bd. Jan. 13, 1998) ["PERB Decision"].)

At the PERB hearing on December 29, 1997, Pratt appeared without counsel for the show cause hearing and advised the board that he was not aware of the December 9th mediation. The board recessed to give Pratt time to contact his attorney. When the board reconvened the afternoon of December 29th, neither Pratt or his counsel were present. The PERB subsequently rendered its decision on January 13, 1998. The PERB found Pratt in contempt of the board's order of referral to mediation and dismissed his appeal as a sanction. (*Id.* at 126–27 (PERB Decision at 7–8).) Alternatively, the PERB found that it lacked jurisdiction to consider Pratt's appeal because he had not demonstrated that he had been demoted from a position that would entitle him to an appeal before the board or that he had filed his appeal within ten days after he was notified of his alleged demotion as is required to give the board jurisdiction. (*Id.* at 127–28 (PERB Decision at 8–9).)

On April 17, 1998, Pratt filed a "Motion for Final Judgment Order" in the Territorial Court, requesting that the court dismiss his cases "with prejudice so that [Pratt] may file the appropriate appeals." Approximately eight months later in December, 1998, Pratt filed a "Motion to Dismiss" his request for injunctive relief and for writ of review but did not specify that he wanted the dismissal to be with prejudice.

On May 10, 1999, the Territorial Court granted Pratt's motion to dismiss, citing the actions of Pratt's counsel as the primary cause of the lengthy delays in the proceedings. Specifically, the Territorial Court ordered "that the above-referenced cases be and the same are hereby **DISMISSED**." (App. at 11.) Pratt timely appealed the trial judge's ruling.

## II. DISCUSSION

■ This Court has jurisdiction to consider the judgments and orders of the

---

3. Pratt subsequently requested that this Court dismiss his petition for writ of mandamus, which we did on January 29, 1999. (*See* Order, Civ. No.1997–218 (D.V.I.App.Div.).)

Territorial Court in all civil cases. V.I. CODE ANN. tit. 4, § 33. The Court has judicially narrowed the jurisdictional grant of section 33 to encompass "only appeals from final judgments or orders." *Government of the Virgin Islands v. DeJongh,* 28 V.I. 153, 163–64, 1993 WL 661726 (D.Virgin Islands 1993).

■ Pratt has appealed the trial court's order granting his motion for a voluntary dismissal of his case pending before the Territorial Court. Federal Rule of Civil Procedure [4] 41(a)(2) governed Pratt's motion for dismissal. Rule 41(a)(2) provides that such a voluntary dismissal by order of the court is considered a dismissal without prejudice unless the order specifies it is with prejudice. The trial judge's order dismissing Pratt's cases did not specify that the dismissal was with prejudice; accordingly, we must construe the dismissal as one without prejudice for purposes of determining if we have jurisdiction.

■ "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." *Borelli v. City of Reading,* 532 F.2d 950, 951 (3d Cir.1976). Furthermore, it is settled law that a voluntary dismissal without prejudice erases all prior proceedings; it is "as if the action had never been filed." *Lubick v. Travel Serv., Inc.,* 20 V.I. 308, 313, 573 F.Supp. 904 (D.Virgin Islands 1983); *see also United States v. Alaska S.S. Co.,* 253 U.S. 113, 116, 40 S.Ct. 448, 64 L.Ed. 808 (1920) ("Where by an act of the parties ... the existing controversy has come to an end, the case becomes moot and should be treated accordingly.").

■ The Court of Appeals for the Third Circuit, however, has recognized an exception to this established interpretation, namely, that if the "plaintiff cannot or will not bring a second action, there is no risk of multiple litigation" and the order dismissing the plaintiff's complaint without prejudice becomes a final, appealable order. *Trevino–Barton v. Pittsburgh Nat'l Bank,* 919 F.2d 874, 878 (3d Cir.1990); *see also Borelli,* 532 F.2d at 951–52 ("Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable.").

■ On its face, Pratt's appeal would appear to be a final order under this exception. Pratt cannot start again from the very beginning and reinstate his appeal to the PERB because any appeal must be brought within ten days after he received notification of the complained of dismissal, demotion, or suspension. 3 V.I.C. § 530(a). Assuming the facts as alleged by Pratt, this alleged suspension occurred at the latest on January 31, 1994, so his time to appeal to the PERB has expired. Alternatively, Pratt could have filed in the Territorial Court for a writ of review of the PERB's January 13, 1998, decision, but the twenty days he had to do so has long since expired. *See* 24 V.I.C. § 380(a). Accordingly, it appears that Pratt cannot bring a second action even though the first was dismissed without prejudice.

We find, nevertheless, that Pratt's appeal does not fall within the exception to Rule 41(a)(2) recognized by the Court of Appeals. In the line of cases setting forth the exception, the plaintiff/appellant actively participated in the underlying proceedings and only moved to dismiss the remaining counts of the complaint after the trial court had made a partial ruling on the merits of the case. The only reason the plaintiff/appellant in those cases moved for

---

4. The federal rules of procedure apply to proceedings in the Territorial Court to the extent they are not inconsistent with the Rules of the Territorial Court. TERR.CT.R. 7.

voluntary dismissal was to expedite review on appeal.[5] This simply is not the same scenario as the circumstances of Pratt's appeal. The Territorial Court has only ordered the PERB to render a decision on Pratt's long-pending administrative appeal; it has never ruled on the merits of any part of Pratt's case. Accordingly, Pratt's appeal is outside of the narrow exception that would allow an appeal of an otherwise non-final order dismissing a case without prejudice. As a result, we lack jurisdiction to consider this appeal and will order its dismissal.

Alternatively, if the Court assumes that Pratt's appeal falls within Court of Appeals' exception to Rule 41(a)(2), we would affirm the order of the Territorial Court dismissing Pratt's case. The only possible decision which this Court could review if it accepts Pratt's appeal is the decision of the PERB which dismissed Pratt's appeal as a sanction and, as an alternative basis, found that it lacked jurisdiction to consider the appeal because it was filed out of time and Pratt did not fall within the category of employees permitted to appeal to the PERB. (App. at 120–29.) In his May 10, 1999, order, which Pratt now appeals, the trial judge stated that "having reviewed PERB's Decision and Order, [he] finds that the record supports PERB's decision." (App. at 11.)

■ Having also reviewed the PERB decision, this Court can find no reason to disturb the Territorial Court's conclusion affirming the PERB decision. We review the decision of the PERB only to verify that it is "supported by substantial evidence on the record considered as a whole." 24 V.I.C. § 380. The PERB, acting on the record before it, found that Pratt had failed to establish that he was a "regular employee" that had been dismissed, demoted, or suspended. See 3 V.I.C. § 530(a) (only "regular" or classified service employee can file an appeal to the PERB). Furthermore, Pratt failed to demonstrate that he had been appointed to the position of acting assistant warden and occupied the position for the required probationary period necessary to establish the right to appeal to the PERB. See id. §§ 527, 530. Finally, the PERB found that Pratt knew of his alleged suspension on April 16, 1993, the date his supervisor sent him home on leave with pay, rejecting Pratt's contention that he was not aware of the action until January 31, 1994. Given that Pratt failed to present evidence to contradict the government's argument that he had notice of the alleged suspension in April, 1993, we must accept the PERB's finding. Accordingly, even if Pratt had established that he was an employee entitled to file an appeal to the PERB, the PERB still lacked jurisdiction to consider his appeal because he did not file it within ten days after he was made aware of the government's action as is required. See id. § 530(a) ("The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the [PERB].")

---

5. *See, e.g., Trevino–Barton v. Pittsburgh National Bank,* 919 F.2d at 874; *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3d Cir.1986). In *Trevino–Barton,* for example, the trial court granted the defendant's motion for summary judgment on two of the three claims of the plaintiff's complaint. Subsequently, after the parties entered a stipulated agreement to dismiss, the trial court entered a voluntary dismissal of the plaintiff's remaining count. The plaintiff then filed an appeal of the order granting the voluntary dismissal and sought to utilize the appeal as a means to seek review of the trial court's summary judgment decision. The court of appeals permitted the plaintiff's appeal to proceed, finding that she had abandoned the third, voluntarily dismissed claim, and construed the dismissal order as a final, appealable order that gave the court jurisdiction to review the trial court's earlier summary judgment decision. 919 F.2d at 876–78.

As noted by the PERB in its decision, the only remaining basis for the PERB's jurisdiction would be an allegation of discrimination based on a non-merit factor. *See id.* § 531(b). Although Pratt has raised such allegations in his appeal to this Court, he failed to take the opportunity to present his case to the PERB.[6] As this Court cannot engage in fact finding, we accept the PERB's conclusion and find that the PERB lacked jurisdiction to consider Pratt's appeal pursuant to 3 V.I.C. § 531.

As discussed *supra*, the PERB's conclusion that it lacked jurisdiction was an alternative basis to its primary holding that it dismissed Pratt's appeal as a sanction for his failure to obey a lawful order of the PERB. We would note, of course, that the legislature has not given PERB the authority to dismiss an appeal as a sanction for contempt. PERB's power to impose sanctions is limited to "levying fines." *See* 24 V.I.C. § 365(n).

## III. CONCLUSION

Pratt has attempted to appeal an order granting his motion for voluntary dismissal of the proceedings in the Territorial Court. For the reasons set forth in this opinion, this non-final order does not fall within the exception to the final judgment rule recognized by the Court of Appeals for the Third Circuit. Accordingly, we lack jurisdiction to consider this appeal and will dismiss it.

6. Even after Pratt got the Territorial Court to order the PERB to hear his case, he and his counsel inexplicably refused to appear before the board or to present any witnesses or other evidence on his claims. Yet, having contumaciously refused to participate in the proceedings below, Pratt asks this Court to review numerous issues, most of which he has raised for the first time in this Court and none of which he has ever supported with evidence before either the PERB or the Territorial Court.